610 A.2d 466

DONEGAL INSURANCE CO., Appellant,

v.

Shirley LONGO and Charles W. Longo,
her husband, Appellees.

DONEGAL INSURANCE CO., Appellee,

v.

Shirley LONGO and Charles W. Longo,
her husband, Appellants.

Superior Court of Pennsylvania.

Argued Jan. 14, 1992.

Filed June 1, 1992.

Reargument Denied June 12, 1992.

Richard A. Lanzillo, Erie, for appellant (at 1271) and appellee (at 1311).

Charles V. Longo, Cleveland, Ohio, for appellant (at 1311) and appellee (at 1271).

Before CAVANAUGH, WIEAND and HESTER, JJ.

WIEAND, Judge.

The issue in this appeal is whether a lawyer can serve as an arbitrator while he simultaneously represents one of the parties to the arbitration in a matter unrelated to the arbitration. We hold that he cannot and reverse the judgment entered on an award of arbitration in which he participated.

Shirley Longo sustained injuries when the car in which she was a passenger was struck from behind by an uninsured motorist. Shirley and her husband, Charles W. Longo, submitted a claim for uninsured motorist benefits to appellant, Donegal Mutual Insurance Company, the insurer of their own automobile. Because the parties were unable to agree on the amount of damages, the claim was submitted to arbitration as required by the terms of the Donegal policy.

The arbitration clause in the policy provided as follows: [In the event of arbitration], arbitration shall be conducted in accordance with the Pennsylvania Uniform Arbitration Act. Each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree

within thirty (30) days, either may request that election be made by a judge of a court having jurisdiction.

... a decision agreed to by two of the arbitrators will be binding.

Pursuant to this provision, a panel of three arbitrators was appointed and conducted hearings on November 19, 20 and 21, 1990. Shortly thereafter, Donegal learned that the arbitrator selected by the Longos, John R. Wingerter, Esq., was simultaneously representing Charles W. Longo in a landlord-tenant dispute. It also appeared that Wingerter had previously represented a partnership in which Longo was one of three partners and, in addition, had represented the Longo's son, Charles V. Longo, Esquire, in a civil action.[1] Donegal's counsel, by letters dated November 27 and 29, 1990, objected to Wingerter's further participation as an arbitrator and requested that Wingerter recuse himself from the panel. Wingerter refused. On December 17, 1990, he joined with the neutral arbitrator to render an award in favor of the Longos in the amount of two hundred and thirty thousand ($230,000.00) dollars.

Donegal petitioned the trial court to vacate the award on the grounds that the existing and undisclosed attorney-client relationship between the Longos and Wingerter gave rise to a conflict of interest and deprived the insurance company of a fair hearing. The Longos filed a cross-petition for counsel fees, costs and interest. The trial court affirmed the award of the arbitrators and ordered the payment of interest at the rate of 6% per annum. Donegal appealed, and the Longos filed a cross-appeal from the denial of costs and fees.

A party may waive objection to the composition of the arbitration panel if after learning of the grounds for objection that party nevertheless participates in the hearing and withholds objection until the panel renders a decision. See: *Abramovich v. Pennsylvania Liquor Control Bd.*, 490 Pa. 290, 294 n. 3, 416 A.2d 474, 476 n. 3 (1980);

1. Charles V. Longo, a lawyer, represented his parents in the instant dispute with Donegal.

*Rosenbaum v. Drucker,* 346 Pa. 434, 437, 31 A.2d 117, 118 (1943). Here, however, Donegal did not learn of Wingerter's relationship with the Longos until after the hearings had been concluded. When the relationship became known, Donegal objected immediately and in the only practical manner available to it. Having made its objection unsuccessfully, Donegal could properly await the panel's decision before proceeding in the Court of Common Pleas to vacate the award. See: *Bole v. Nationwide Insurance Co.,* 475 Pa. 187, 192, 379 A.2d 1346, 1348–1349 (1977). The issue of Wingerter's competency to serve as an arbitrator, therefore, has not been waived and is properly before this Court for appellate review.

The Uniform Arbitration Act, at 42 Pa.C.S. § 7314, establishes the grounds for vacating an award of statutory arbitration. Section 7314(a)(1)(i) specifically incorporates into the broader statutory scope of review the common law grounds for vacating an award. Under this common law standard, now codified at 42 Pa.C.S. § 7341, an award may be vacated where it is clearly shown that a party has been denied a fair hearing. The hearing to which each party is entitled must be one that is "full and fair." *Abramovich v. Pennsylvania Liquor Control Bd., supra* 490 Pa. at 294, 416 A.2d at 476; *Smaglio v. Fireman's Fire Insurance Co.,* 432 Pa. 133, 247 A.2d 577 (1968); *Mellon v. Travelers Insurance Co.,* 267 Pa.Super. 191, 406 A.2d 759 (1979). "Procedural due process requires that a fair hearing be conducted by one not involved with a party to the proceeding." *Abramovich v. Pennsylvania Liquor Control Bd., supra* citing *Dussia v. Barger,* 466 Pa. 152, 351 A.2d 667 (1976). See also: *Morrisey v. Gross Construction Co., Inc.,* 297 Pa.Super. 151, 159–160, 443 A.2d 344, 348–349 (1982). But cf. *Morris Lapidus Associates v. Airportels, Inc.,* 240 Pa.Super. 80, 84, 361 A.2d 660, 663 (1976).

A hearing which comports with procedural due process must be full and fair and must be held before impartial and disinterested arbitrators. "Since arbitrators are generally selected to act in a quasi-judicial capacity in place of a

court, they must ordinarily be impartial and nonpartisan...." 5 Am.Jur.2d, Arbitration and Award, § 98.

If parties are to be encouraged to arbitrate, arbitration proceedings must be conducted with the same degree of impartiality as the courts afford. Public policy requires, therefore, that arbitrators not only be completely impartial but also that they have no connection with the parties or the dispute involved which might give the appearance of their being otherwise. Obviously a person is disqualified to act as an arbitrator if he is himself a party to the dispute. And, in the ordinary case, a close relative, servant, employee, or agent of one of the parties to the controversy, or one who has any secret interest in the result or decision thereof, may not properly act as an arbitrator.

5 Am.Jur.2d Arbitration and Award, § 99.

The hearing in the instant case was not fair and did not comport with procedural due process. Wingerter's ongoing and undisclosed attorney-client relationship with Charles W. Longo rendered him unqualified to serve on the panel. This was true not merely because he was presumably partisan in favor of the Longos; but, more importantly, because he was an employee of the Longos who owed them a fiduciary duty of loyalty. Wingerter's legal representation of Charles W. Longo, even though in a matter unrelated to the dispute in arbitration, gave rise to a confidential relationship. See: *Ringer v. Finfrock,* 340 Pa. 458, 461–462, 17 A.2d 348, 350 (1941). See also: 7A C.J.S. Attorney and Client § 234 (1980). The existence of such a relationship between a litigant and an arbitrator creates too great a likelihood that the arbitrator will be incapable of rendering a fair judgment. Therefore, a lawyer-client relationship between an arbitrator and a party conflicts with basic standards of due process. See: *Bole v. Nationwide Ins. Co., supra,* 475 Pa. at 195, 379 A.2d at 1350 (Roberts, J. dissenting) (dissent opines that while evident partiality should not require disqualification, a present attorney-client

relationship between an arbitrator and a party extends beyond mere partiality and would require disqualification).

Because the arbitration proceedings in this case were fundamentally flawed, the trial court erred when it refused to set aside the award.

Judgment vacated and case remanded for a new hearing before different arbitrators.