# State Farm Mutual Insurance Company v. Dill

*Elliott Tolan*, for appellant
*James T. Moughan*, for appellee

FOX, *J.*, March 7, 2013—

## FACTS and PROCEDURAL HISTORY

Barisha Dill appeals from this court's order dated October 1, 2012, which denied her motion to strike and/or set aside arbitrators' award. This matter originated from of a motor vehicle accident which occurred in March, 2003. On March 5, 2005 Dill filed a negligence action against the other driver (third party) involved in the accident[4]. After suit was commenced, the carrier for the third party referred the case to attorney Kevin McNulty (NcNulty). McNulty entered his appearance and filed an Answer on April 8, 2005. On April 27, 2005, McNulty withdrew his appearance and Daniel Lewbart, Esquire, entered his appearance. Thereafter neither McNaulty nor any attorney in his office had further involvement in the third party action. Attorney Lewbart defended the other driver in that case. In 2008 the negligence action settled in Dill's favor for the policy limits. Other than the brief period after the referral and before the transfer, McNulty claimed he never

---

4. *Dill, et al. v. Marshall, et al.*, Phila. CCP March 2005, No 00217

worked on the case and had no recollection of the matter.

Following the resolution of the third party claim, Dill filed an underinsured claim (UIM) against the insurance carrier for the car in which she was a passenger, State Farm Mutual Insurance Company (State Farm). Per the terms applicable insurance policy, the matter proceeded to arbitration. The arbitration panel consisted of the following members: Alan Feldman, Esquire, appointed by Ms. Dill's counsel; Kevin McNulty, Esquire appointed by State Farm. The parties could not agree to a third neutral arbitrator. As a result, this action was commenced and State Farm requested that the court appoint a neutral arbitrator. On April 12, 2012, Judge John W. Heron appointed Craig Lord, Esquire, the neutral arbitrator. Following a hearing, the arbitration panel rendered a unanimous award in favor of State Farm. Dill filed this motion to strike and/or set aside arbitrators' award, asserting that she did not receive a fair hearing because of McNulty's prior involvement in the third party matter. Upon review of the briefs and after oral argument, this court denied Dill's motion.

## DISCUSSION

This court's October 1, 2012 order should be affirmed because Dill failed to establish grounds to vacate or set aside the award. An arbitration award cannot be vacated unless "it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." *Borgia v. Prudential Insurance Company,* 561 Pa. 434, 440, 750 A.2d 843, 846-847 (2000) *citing Runewicz v. Keystone Ins. Co.,* 476 Pa. 456,

461, 463, 383 A.2d 189, 192, 193 (1978); see also 42 Pa.C.S.A. §7341; *Snyder v. Cress*, 2002 PA Super 28, 791 A.2d 1198 (2002), at 1201. Additionally, Dill "…..bears the burden to establish both the underlying irregularity and the resulting inequity by 'clear, precise and indubitable evidence." *Gargano v. Terminix International Co.*, 2001 PA Super 282, 784 A.2d 188, 193 (Pa. Super. 2001). In light of the applicable standard of review in this matter, it is clear that this court's order should be affirmed.

The crux of Dill's argument is that because McNulty was involved briefly in the underlying third party action, he was disqualified from being a competent and fair arbitrator; and as a result she did not receive a fair hearing. She points to *Longo v. Donegal Insurance Co.*, 610 A.2d 466 (Pa. Super. 1992), for the proposition that the inclusion of an unqualified arbitrator requires the award to be stricken or set aside. While this court agrees with that holding, this court does not agree that McNulty is an unqualified arbitrator. Mr. McNulty submitted an affidavit in which he attests that he has no recollection of or meaningful involvement in the underlying third party claim, which had been settled and resolved more than six years ago. The attorney who defended that claim was Mr. Lewbart. Further, while Dill's counsel had notice of McNulty's prior brief involvement in the third party claim, no objection or complaint was raised about McNulty's appointment an arbitrator. Dill did not object when McNulty was initially appointed nor at the hearing before the panel. No petition to remove arbitrator was filed. No objection was made until after the issuance of the panel's decision.

Dill contends that Pa.R.C.P. 1302(e) provides that a member of an arbitration panel should be disqualified for any reason that would disqualify a judge under the Code of Judicial Conduct. The Pennsylvania Rules of Judicial Conduct, Cannon 3(c)(1) provide that "Judges should disqualify themselves in a proceeding in which their impartiality might be reasonably questioned, including but not limited to instances where: (a) they have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (b) they served as a lawyer in the matter in controversy, or a lawyer with whom they previously practiced law served during such association as a lawyer concerning the matter." *Id.* However, this was not a compulsory arbitration under Pa.R.C.P. 1301 et seq. This arbitration was pursuant Dill's underinsured motorist claim under the terms of the applicable policy with State Farm. McNaulty was selected as the defense arbitrator. In the third party action McNulty did not represent Dill or State Farm. He served briefly as counsel for the third party defendant in which Dill was the plaintiff. Further, his affidavit states that he has no knowledge of the matter. There is also no evidence of prejudice on McNulty's part. The arbitrators' decision in favor of State Farm was unanimous.

Further, in *Longo*, supra, the Superior Court also noted that "a party may waive objection to the composition of the arbitration panel if, after learning of the grounds for objection, the party nevertheless participates in the hearing and withholds objection until after the panel renders a decision. *Id.* at 468. This is exactly what happened here. Although Dill had a different attorney in the third party

action, this being an underinsured claim, the third party action is of import and the docket accessible. Dill had ample knowledge and/or the means to discover McNulty's brief involvement in the third party action. Thus, even if McNulty was an unqualified arbitrator, which he is not, Dill waived such objection. For the foregoing reasons, this court's order of October 1, 2012 should be affirmed.