J-E03001-14

2015 PA Super 6

| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BARISHA DILL | |
| Appellant | No. 3120 EDA 2012 |

Appeal from the Judgment Entered on December 19, 2012
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: March Term, 2012, 1370

BEFORE:  BENDER, P.J.E., BOWES, J., PANELLA, J., DONOHUE, J.,
SHOGAN, J., ALLEN, J., LAZARUS, J., WECHT, J., and STABILE, J.

OPINION BY WECHT, J.:                        **FILED JANUARY 13, 2015**

Barisha Dill ("Appellant") appeals the trial court's December 19, 2012 order.  That order affirmed an arbitration panel's unanimous decision in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). Appellant has waived both of the claims that she raises in this appeal. Accordingly, we affirm.

On March 14, 2003, Appellant, who was eleven years-old at the time, was being driven to school by George Foster ("Foster").  On the way to school, Foster's vehicle was struck by a vehicle being operated by Melissa Marshall ("Marshall").  Appellant was injured in the accident.  The learned trial court detailed the procedural events that followed the accident as follows:

On March 5, 2005, [Appellant] filed a negligence action against [Marshall,] the other driver involved in the accident. After suit was commenced, the carrier for [Marshall] referred the case to Attorney Kevin McNulty (McNulty). McNulty entered his appearance and filed an answer on April 8, 2005. On April 27, 2005, McNulty withdrew his appearance and Daniel Lewbart, Esquire entered his appearance. Thereafter, neither McNulty nor any attorney in his office had further involvement in the third party action. Attorney Lewbart defended [Marshall] in that case. In 2008, the negligence action settled in [Appellant's] favor for the policy limits. Other than the brief period after the referral and before the transfer, McNulty claimed he never worked on the case and had no recollection of the matter.

Following the resolution of the third party claim, [Appellant] filed an underinsured claim (UIM) against the insurance carrier for the car in which she was a passenger, [State Farm]. Per the terms of the applicable insurance policy, the matter proceeded to arbitration. The arbitration panel consisted of the following members: Alan Feldman, Esquire, appointed by [Appellant's counsel]; [and] Kevin McNulty, Esquire, appointed by State Farm. The parties could not agree to a third neutral arbitrator. On April 12, 2012, Judge John W. Herron appointed Craig Lord, Esquire, [as] the neutral arbitrator. Following a hearing, the arbitration panel rendered a unanimous award in favor of State Farm. [Appellant] filed this Motion to Strike and/or Set Aside Arbitrator's Award, asserting that she did not receive a fair hearing because of McNulty's prior involvement in the third party matter. Upon review of the briefs and after oral argument, [the trial court] denied [Appellant's] motion.

Trial Court Opinion ("T.C.O."), 3/7/2013, at 1-2 (footnote omitted; punctuation modified).

Although judgment had not yet been entered, Appellant filed a notice of appeal on October 31, 2012. By a December 6, 2012 order, this Court directed Appellant to praecipe the trial court to enter judgment. Upon praecipe, the trial court entered judgment on December 19, 2012. The trial court did not direct Appellant to file a concise statement of errors

complained of on appeal pursuant to Pa.R.A.P. 1925(b), and no statement was filed. Nonetheless, on March 7, 2013, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Before this Court *en banc*,[1] Appellant raises two issues for our consideration:

1. Whether the trial court erred in dismissing Appellant's petition to strike the award entered with regard to the arbitration of her underinsured motorist claim where the defense arbitrator had previously served as counsel for the tortfeasor in a related 3rd party litigation?

2. Whether the trial court erred in dismissing Appellant's petition to strike the award entered with regard to the arbitration of her underinsured motorist claim where the arbitrators considered inadmissible evidence of collateral source payments and other inadmissible materials in reaching their award?

Brief for Appellant at 3.

Before we can address the merits of Appellant's claims, we first must determine whether Appellant properly has preserved those claims in the proceedings below. "It is axiomatic that '[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely

---

[1] On December 18, 2013, we issued an unpublished memorandum, in which both of Appellant's claims were deemed to have been waived. Judge Shogan issued a dissenting memorandum. Appellant timely sought *en banc* reargument. On April 14, 2014, this Court entered an order granting Appellant's petition for reargument.

object to a basic and fundamental error will result in waiver of that issue.'" **Lockley v. CSX Transp. Inc.**, 66 A.3d 322, 325 (Pa. Super.) *appeal denied*, 74 A.3d 127 (Pa. 2013) (quoting **Summers v. Summers**, 35 A.3d 786, 790 (Pa. Super. 2012) (citation omitted)). On appeal, we will not consider assignments of error that were not brought to the tribunal's attention at a time at which the error could have been corrected or the alleged prejudice could have been mitigated. **Tindall v. Friedman**, 970 A.2d 1159, 1174 (Pa. Super. 2009). "In this jurisdiction one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter." **Id.** (quoting **Thompson v. Thompson**, 963 A.2d 474, 475-46 (Pa. Super 2008) (citation omitted)).

In her first issue, Appellant maintains that the trial court erred in denying Appellant's petition to strike the arbitration panel's decision because Attorney McNulty's impartiality as an arbitrator was compromised due to his previous representation of Marshall in Appellant's initial negligence lawsuit. We have reviewed the arbitration hearing transcript and have discovered that Appellant never objected to Attorney McNulty's participation as an arbitrator at any point during that proceeding. Our waiver rules apply to arbitration hearings with the same force as they do to any other adversarial proceeding. Indeed, "[a] party may waive objection to the composition of the arbitration panel if after learning of the grounds for objection that party

nevertheless participates in the hearing and withholds objection until the panel renders a decision." **Donegal Ins. Co. v. Longo**, 610 A.2d 466, 468 (Pa. Super. 1992) (citing **Abramovich v. Penna. Liquor Control Bd.**, 416 A.2d 474, 476 n.3 (Pa. 1980); **Rosenbaum v. Drucker**, 31 A.2d 117, 118 (Pa. 1943)).

Appellant does not address waiver substantively in either her principal brief or in her reply brief. Instead, Appellant simply rejects State Farm's waiver argument as "idiocy." Reply Brief for Appellant at 1. Appellant twice asserts that her attack on Attorney McNulty's partiality is "non-waivable." Brief for Appellant at 10 n.3; Reply Brief for Appellant at 1. But saying it does not make it so. Appellant offers no case, statute, or rule of court that stands for the proposition that a challenge to the partiality of an arbitrator can never be waived. Nor have we found such authority. In fact, **Longo** clearly holds that such a claim is waivable.

Nonetheless, directing our attention to the Rules of Civil Procedure and the Rules of Judicial Conduct, Appellant maintains that Attorney McNulty's alleged partiality is "presumed where the arbitrator formerly participated in the other proceedings relating to the case under scrutiny." Reply Brief for Appellant at 1 (emphasis removed). Appellant notes that Pennsylvania Rule of Civil Procedure 1302 compels an arbitrator to "immediately withdraw" if that arbitrator "would be disqualified for any reason that would disqualify a

judge under the Code of Judicial Conduct." Pa.R.C.P. 1302(e).[2]  Canons 2.11(a)(1) and (a)(2)(b) of the Code of Judicial Conduct require a judge to disqualify himself when the judge has "personal knowledge of facts that are in dispute in the proceeding," and when the judge has acted "as a lawyer in the proceeding."  Again, however, Appellant cites no case law or statutes in support of the notion that these principles affect a court's subject matter jurisdiction such that her challenge to Attorney McNulty's partiality would be non-waivable.  It bears repeating that, even if Attorney McNulty had an independent obligation to voluntarily disqualify himself, such an obligation does not remove the onus from Appellant to object to the composition of the panel.  Indeed, *Longo* imposes upon a participant the obligation to object to the composition of the arbitration panel at the earliest possible time, notwithstanding any obligation by any other participant, arbitrators included. Appellant simply failed to do so.[3]

_____

[2]  We express no opinion on whether the arbitration that occurred in this case should be classified as statutory arbitration, 42 Pa.C.S. § 7301-7320

[3]  We note that, pursuant to 42 Pa.C.S. § 7362(d), waiver of a defect in the arbitration process may be excused in the event that "fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award."  *Id.*  However, in light of *Longo*, we cannot conclude that the instant circumstances warrant a conclusion that Attorney McNulty's failure to remove himself as an arbitrator constitutes an irregularity pursuant to subsection 7362(d).  *Longo*, a long-standing precedent that neither party asks us to overrule, requires a party to object to the composition of an arbitration panel at the earliest possible juncture. To conclude here that Attorney McNulty's failure to recuse himself, if he was indeed required to do so, excuses Appellant's waiver, we necessarily would
*(Footnote Continued Next Page)*

Although Appellant's argument regarding waiver consists primarily of labels and assertions unsupported by law, we still confront the knowledge requirement implicit in the above-quoted language from **Longo**. That is, a challenge to the partiality or composition of an arbitration panel can only be waived if the party failed to object after having learned of the grounds for the objection. **Longo**, 610 A.2d at 468. In other words, Appellant's failure to object would not be waived if Appellant did not know that Attorney McNulty allegedly was compromised at the time of the arbitration hearing, or until after the decision was rendered.

Having reviewed the certified record, we conclude that Appellant had the requisite knowledge. The crux of Appellant's claim is that Attorney McNulty was partial as an arbitrator because he represented Marshall, albeit briefly, in the initial negligence action and, therefore, could not partially serve as an arbitrator in the derivative UIM action. In March 2005, Appellant filed the negligence action. Attorney McNulty drafted, signed, and

*(Footnote Continued)* ───────────────

have to overrule or effectively disavow **Longo**. Indeed, to do so would carve a new path in Pennsylvania law that would enable arbitration participants to avoid objecting to the composition of the arbitration panel until after the panel renders an award. Such a result not only contravenes our established case law, but also encourages verdict shopping. An arbitration participant would be able to wait until the verdict is rendered before deciding whether to contest the qualifications of a person to sit as an arbitrator, and could do so while comfortable in the knowledge that waiver of the issue is not at risk, and that no challenge need be made unless and until the participant suffers an adverse award. Such a result is untenable, whether viewed under our current case law (*i.e.*, **Longo**) or under our policy of preventing verdict shopping.

filed the answer to Appellant's complaint. On the first page of the answer, Attorney McNulty certified that he had served the answer on all parties, which, of course, included Appellant. *See* Answer, 4/11/2005, at 1. Thus, Appellant had actual knowledge from the inception of her lawsuits that Attorney McNulty had participated in the case, and, more specifically, had represented her opponent in the matter by filing the answer. Consequently, notwithstanding Appellant's belief that the concept of waiver is nothing more than "idiocy,"[4] her failure to object to Attorney McNulty's participation as an arbitrator results in waiver of her claim on appeal.

In her second issue, Appellant contends that the arbitration panel considered a "wide array of improper and inadmissible" evidence during the hearing. Brief for Appellant at 12. For example, Appellant argues that the panel improperly received evidence regarding the amount of the payment that Appellant received from Marshall's and Foster's insurance carriers, information pertaining to the status of Appellant's original attorney's license to practice law, and "a host of self-serving inadmissible letters designed to buttress a claim that [Appellant] had somehow spoliated her own MRI files." Brief for Appellant at 12. However, Appellant did not object to the admission

---

[4]    Appellant is far from the first to assail the wisdom of a result compelled by law. *See* Charles Dickens, <u>Oliver Twist</u> 333 (Dover Thrift ed., Dover Publications 2002) (1838) ("'If the law supposes that,' said Mr. Bumble, squeezing his hat emphatically in both hands, 'the law is a ass — a idiot.'").

of these pieces of evidence at the arbitration hearing, the first available opportunity.  Failure to do so necessarily results in waiver of that claim.  ***See Tindall***, *supra*.

Judgment affirmed.

President Judge Emeritus Bender and Judges Panella and Stabile join the opinion.

Judge Donohue files a concurring opinion.

Judge Bowes files a concurring and dissenting opinion.

Judge Shogan files a concurring and dissenting opinion in which Judges Allen and Lazarus join.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2015