J-E03001-14

2015 PA Super 6

| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| BARISHA DILL, | : | |
| Appellant | : | No. 3120 EDA 2012 |

Appeal from the Judgment Entered December 19, 2012,
In the Court of Common Pleas of Philadelphia County,
Civil Division, at No. 1370, March Term, 2012.

BEFORE: BENDER, P.J.E., BOWES, PANELLA, DONOHUE, SHOGAN, ALLEN, LAZARUS, WECHT, AND STABILE, JJ.

CONCURRING AND DISSENTING OPINION BY SHOGAN, J.:**FILED JANUARY 13, 2015**

Although I appreciate the Majority's concern that objections to the appointment of an arbitrator should be timely raised, I cannot agree that waiver is appropriate under the facts of this case. The record contains no indication that Appellant participated in the arbitration hearing after learning that Attorney McNulty and his law partner had previously served as counsel for the tortfeasor in the related third party litigation. The record does indicate that Appellant's previous counsel had been disbarred and that the status of his records was uncertain. To impose upon a party, especially the Appellant under these facts, a duty to investigate the prior involvement of all attorneys and their partners or associates is, in my view, inconsistent with

the impartiality and transparency we all should expect in judicial and quasi-judicial proceedings. To the contrary, I would impose upon any attorney who serves as an arbitrator the duty to conduct a conflicts check of all prior and current representations and to disclose any conflicts regarding related representations prior to the commencement of the arbitration proceeding. Indeed, I am of the opinion that the current state of the law requires no less. Accordingly, I respectfully dissent.

As the record reflects, this matter stems from a 2003 automobile accident in which Appellant, then only eleven years old, was a passenger and suffered injuries. In 2005, Appellant filed suit against the driver of the other vehicle. The insurance carrier of the driver of the other vehicle referred the case to Attorney McNulty. It is undisputed that Attorney McNulty entered his appearance in the case and filed an answer and new matter on behalf of the driver of the other vehicle. Subsequently, Attorney McNulty withdrew his appearance and another attorney from Mr. McNulty's law firm defended the matter.[1] The case ultimately settled for the policy limits in 2008.

Thereafter, Appellant, represented by a different attorney who was not involved in the previous litigation, filed an underinsured motorist ("UIM")

---

[1] The record reflects that Attorney McNulty transferred the case to Attorney Daniel Lewbart, his partner. The trial court's statement that Attorney McNulty transferred the case to another law firm after approximately one month is thus incorrect. **See** Trial Court Opinion, 3/7/13, at 1.

claim against Appellee State Farm, the insurance carrier for the vehicle in which she was a passenger. Under the terms of the State Farm insurance policy, the UIM claim proceeded to arbitration. State Farm chose Attorney McNulty as its arbitrator. After an arbitration hearing, the three-person arbitration panel rendered a decision in favor of State Farm. Appellant then filed the instant motion to strike and/or set aside the arbitration award. There is no direct evidence in the record that Appellant knew of Attorney McNulty's prior involvement in this matter up until this time. In fact, Appellant's motion to strike and/or set aside the arbitration award contains the following averment:

> 5. Elliott Tolan, [Appellant's] present counsel, was not involved in the litigation involving the tortfeasors and so was not aware of Mr. McNulty's, or members of his firm's, involvement in that case.

Motion to Strike and/or Set Aside Arbitration Award, 7/16/12, at 2.[2] It is further undisputed that Appellant's counsel in the previous litigation had been disbarred. Motion to Strike and/or Set Aside Arbitration Award Memorandum of Law, 7/16/12, at 5. The trial court denied Appellant's motion.

---

[2] Appellant's counsel specifically avers that he became involved in the UIM arbitration "many years after the collision and the third party liability case was over and most of the file and the entire underlying action was not provided to me." Verification of Elliott Tolan, 9/21/12, at ¶ 7. He further asserts that the Answer and New Matter filed by Attorney McNulty in the third party liability case "was obtained and reviewed for the first time from the old records at City Hall last Friday, September 21, 2012." *Id*. at ¶ 9.

Chapter 73 of the Pennsylvania Judicial Code sets forth three types of arbitration: statutory arbitration (subchapter A - the Uniform Arbitration Act ("UAA")); common law arbitration (subchapter B); and judicial arbitration, which includes both compulsory arbitration and voluntary arbitration (subchapter C). 42 Pa.C.S. §§ 7301-7362.

The insurance policy at issue provides for arbitration under the Pennsylvania Arbitration Act of 1927. As noted by Appellee, the Act of 1927 was repealed and replaced by the Act of 1980, the UAA. However, parties may still agree to arbitrate disputes under the Act of 1927. ***Nationwide Mutual Ins. Co. v. Heintz***, 804 A.2d 1209, 1214 (Pa. Super. 2002). For purposes of our discussion on vacating awards, the differences between the acts are immaterial.

Section 7314 of the UAA addresses the vacating of an arbitration award by the court, in pertinent part, as follows:

**§ 7314. Vacating award by court**

**(a) General rule.**

(1) On application of a party, the court shall vacate an award where:

(i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable[.]

42 Pa.C.S. § 7314(a)(1).

Section 7341 of the Judicial Code addresses common law arbitration as follows:

**§ 7341.  Common law arbitration.**

The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party **was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award**.

42 Pa.C.S. § 7341 (emphasis added).

In interpreting this language in a case involving uninsured motorist coverage, our Court emphasized that the hearing to which a party is entitled must be a "full and fair" hearing.  ***Donegal Insurance Company v. Longo***, 610 A.2d 466, 468 (Pa. Super. 1992) (citing ***Abramovich v. Pennsylvania Liquor Control Board***, 416 A.2d 474, 476 (Pa. 1980)).  Furthermore, a hearing that comports with procedural due process "must be held before impartial and disinterested arbitrators."  ***Longo***, 610 A.2d at 468.

If parties are to be encouraged to arbitrate, arbitration proceedings must be conducted with the same degree of impartiality as the courts afford.  Public policy requires, therefore, that arbitrators not only be completely impartial but also that they have no connection with the parties or the dispute involved which might give the appearance of their being otherwise.  . . .

***Id***. (quoting 5 Am.Jur.2d Arbitration and Award, § 99).

Also, we have explained that "an irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself." ***Chervenak, Keane & Company, Inc. v. Hotel Rittenhouse Associates***, 477 A.2d 482, 485 (Pa. Super. 1984) (citing ***Press v. Maryland Casualty Company***, 324 A.2d 403, 404 (Pa. Super. 1974)).

Section 7362(d) similarly addresses appeals in matters of judicial arbitration, as follows:

> **(d) Appeal.--**Any party to a matter referred under this section shall have such rights of appeal, if any, as shall be prescribed by general rules. Where no right to appeal is prescribed by general rule, all parties shall be deemed to have waived any right to appeal which they might otherwise enjoy under the Constitution of Pennsylvania or otherwise in mutual consideration of an expeditious final disposition of the matter, but no such waiver shall apply if it is clearly shown that a party **was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.**

42 Pa.C.S. § 7362(d).

Also relevant to our discussion is Pennsylvania Rule of Civil Procedure 1302, which addresses the appointment of the board of arbitrators in actions submitted to compulsory arbitration. Specifically, Rule 1302(e) provides as follows:

> (e) A member of a board who would be disqualified for any reason that would disqualify a judge under the Code of Judicial Conduct **shall immediately withdraw** as an arbitrator.

Pa.R.C.P. 1302(e) (emphasis added). In addition, Canon 3 of the Code of Judicial Conduct expressly states, in pertinent part, the following:

**C.    Disqualification.**

(1)    Judges should disqualify themselves in a proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where:

(a)    they have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b)    they served as a lawyer in the matter in controversy, or a lawyer with whom they previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it[.]

Pennsylvania Code of Judicial Conduct, Canon 3(C)(1)(a) and (b). I cannot accept the trial court's position that a distinction should be made between compulsory and voluntary arbitration in the application of this disqualification standard. Trial Court Opinion, 3/7/13, at 4. Due process concerns are equally applicable.

Interestingly, the Majority of this panel insinuates that Appellant waived her ability to object to the composition of the arbitration panel by failing to object to Attorney McNulty's participation as an arbitrator prior to the arbitration hearing. The Majority contends that to find in favor of Appellant would require this Court to overrule the longstanding principles enunciated in **Longo**, **supra**. However, the following language from **Longo**

-7-

illustrates that the prerequisite to waiver, in a similar circumstance, is participation in the arbitration hearing **after** learning of the grounds for objection:

> A party **may** waive objection to the composition of the arbitration panel **if after learning of the grounds for objection that party nevertheless participates in the hearing and withholds objection until the panel renders a decision**. Here, however, Donegal did not learn of [the arbitrator's] relationship with the Longos until after the hearings had been concluded. When the relationship became known, Donegal objected immediately and in the only practical manner available to it. Having made its objection unsuccessfully, Donegal could properly await the panel's decision before proceeding in the Court of Common Pleas to vacate the award. The issue of [the arbitrator's] competency to serve as an arbitrator, therefore, has not been waived and is properly before this Court for appellate review.

*Longo*, 610 A.2d at 468 (emphasis added).

Here, the record contains no indication that Appellant participated in the arbitration hearing after learning of the grounds for objection. Indeed, the record is devoid of any evidence that Appellant became aware of the grounds for objecting to Attorney McNulty's participation as a member of the arbitration panel prior to the hearing, or that Appellant purposely withheld her objection until the arbitration panel rendered its decision. Rather, it is my conclusion that the facts of the instant case are similar to those in *Longo*. Therefore, I believe that *Longo* does not require a different determination, nor is this Court required to overrule *Longo* in order to reverse the decision of the trial court in this matter.

Upon review of the record once again in this case, I remain firm in my conclusion that the selection of Attorney McNulty, who failed to disclose that he and his partner had represented the tortfeasor in the related third party litigation, as an arbitrator in this proceeding, affects the fairness of the hearing and is an irregularity requiring that the award be vacated. It matters not that Attorney McNulty alleges that he had no specific recollection of the prior matter. Attorney McNulty had taken a position adverse to Appellant and was privy to confidential information regarding the accident.

Additionally, the Majority appears to impose upon Appellant the duty to investigate the prior involvement of all attorneys and their law firm associations. I strongly disagree that the duty fell upon Appellant. To the contrary, I am of the opinion that the duty to conduct a conflicts review and disclose his prior involvement in the matter was upon Attorney McNulty as an arbitrator. Conflicts checks are part of the practice of law and should likewise be expected of any attorney who assumes the quasi-judicial role of arbitrator. For this reason, I would reverse the decision of the trial court and vacate the arbitration award. Accordingly, I must dissent.[3]

Judges Allen and Lazarus join this Concurring and Dissenting Opinion.

---

[3] In all other respects, I agree with the Majority. My review of the record reveals that Appellant failed to preserve her second issue on appeal.