J-S37008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.               :
:
:
AKEEM WATSON         :
:
Appellant     :   No. 1238 EDA 2017

Appeal from the Judgment of Sentence March 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010503-2008

BEFORE: OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:        **FILED OCTOBER 10, 2018**

Appellant, Akeem Watson, appeals from the judgment of sentence entered on March 17, 2017, following the revocation of his probation. We affirm.

The trial court summarized the relevant background of this case as follows:

> On July 2, 2009, Appellant appeared before the [c]ourt and entered a guilty plea to unlawful restraint/serious bodily injury, indecent assault, and criminal conspiracy (indecent assault). After accepting his plea as knowingly, intelligently, and voluntarily tendered, the [c]ourt sentenced Appellant to 11½ to 23 months' incarceration for unlawful restraint followed by five years' reporting probation, with no further penalty on his remaining convictions. As part of his sentence, Appellant was ordered to obtain sex offender treatment.
>
> Since that time, Appellant has appeared before the [trial c]ourt for numerous violation of probation/parole (VOP) hearings. Specifically, on June 13, 2012, Appellant's probation was revoked for two (2) new arrests, for missing numerous appointments with

_____

* Former Justice specially assigned to the Superior Court.

his probation officer, absconding and having a warrant issued, and failing to complete his sex offender treatment. A new sentence of 11½ to 23 months' confinement followed by five years' reporting probation was imposed.

On May 27, 2016, Appellant's probation once again was revoked for admittedly abusing the narcotic K2 and for being discharged from (and failure to complete) his court-mandated programs due to hostile and combative behavior at his substance abuse treatment facility. A new sentence of [six] to 23 months' confinement followed by three years' reporting probation was imposed. [The trial court] explicitly advised Appellant that he was to re-engage at the treatment facility and that there would be no tolerance for further positive drug screens or aggressive behavior at the facility.

Appellant was paroled on November 12, 2016. Unfortunately, his violent and unruly behavior continued [and the Commonwealth initiated revocation proceedings.] On March 17, 2017, [at the conclusion of a VOP hearing, the trial court revoked Appellant's parole and terminated his probation] for, among other things, physically assaulting a security guard at [Northwest Human Services] and for aggressive/combative behavior at [the Joseph J. Peters Institute], resulting in his discharge from the program.

[At the March 17, 2017 hearing, the Commonwealth introduced the testimony of Appellant's probation officer to establish the facts underlying its claim that Appellant violated the terms of his probation. The information offered by the probation officer was based upon reports generated by other probation agents; Appellant's probation supervisor conceded that he lacked personal knowledge of the events. Initially, trial counsel objected to the officer's testimony and the trial court simply noted counsel's objection. Eventually, however, the court offered Appellant the option of continuing the proceedings so that he could confront and cross-examine witnesses with personal knowledge of the events giving rise to the VOP proceedings. The following exchange occurred.]

[Trial Counsel]: I will object to this, Your Honor,. It's hearsay. I have no way to cross-examine this security guard in this case or anyone who was allegedly involved in this incident. There's no paperwork that I was presented with

other than this brief paragraph. So for the record, I am objecting.

Trial Court: And your objection is noted. This is one of many, many incidents that are included in the report. If this was the only incident, I probably would need to hear from the security guard and need some corroboration of what you're saying, but there's much more in here regarding [Appellant] that I'm going – we'll go forward.

***

Let me ask you this: although we've made [Appellant's probation officer] wait around all this time, if you want to bring in any of these people, I'll, you know, give you that opportunity and we can continue this.

[Trial Counsel] May I ask my client, Your Honor?

Trial Court: Sure.

[Trial Counsel]: We're going to go forward today.

Trial Court: All right.

Trial Court Opinion, 10/5/17, at 1-2 and 5, *quoting* N.T., 3/17/17, at 4-7.

Based upon the testimony presented by Appellant's probation officer, the trial court found Appellant in violation of the terms of his supervision and re-sentenced him to one to two years' incarceration followed by three years' probation. Appellant filed a timely motion for reconsideration, which the court denied on March 29, 2017. Appellant lodged a timely appeal and the court ordered him to file a concise statement of errors complained of on appeal in accord with Pa.R.A.P. 1925(b). Appellant complied in a timely manner and the trial court issued its Rule 1925(a) opinion on October 5, 2017.

Appellant raises the following issues for our review:

In admitting hearsay evidence at [A]ppellant's probation revocation hearing without a showing of good cause by the Commonwealth, did not the [trial] court violate [A]ppellant's state and federal constitutional rights to confrontation, cross-examination and due process, as well as state decisional law and the rules of evidence?

Even assuming *arguendo* [A]ppellant had waived his objection to the hearsay evidence, did not the [trial] court violate due process and state decisional law by revoking [A]ppellant's probation based on uncorroborated hearsay?

Appellant's Brief at 3.

Appellant alleges in his first claim that the trial court erred in admitting inadmissible and uncorroborated hearsay testimony where the Commonwealth failed to show good cause for not permitting confrontation of the witnesses. This claim merits no relief.

Under Pennsylvania law, "hearsay is not admissible at a **Gagnon II**[1] hearing absent a finding of good cause for not allowing confrontation." **Commonwealth v. Allshouse**, 969 A.2d 1236, 1241 (Pa. Super. 2009). Notwithstanding, "[t]o be preserved for review, an issue must not only be raised by [objection or] post-trial motion, but also, not abandoned when the case is argued to the trial court." **Commonwealth v. Warren**, 459 A.2d 1285, 1288 (Pa. Super. 1983); **see also Commonwealth v. Johnson**, 301

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

A.2d 632 (Pa. 1973) (issue based on objection withdrawn by defense counsel at trial cannot be raised later on appeal).

In this case, trial counsel objected to the use of hearsay testimony to establish that Appellant violated the terms of his probation. Subsequently, the trial court presented Appellant with an option to continue the proceedings in order to permit confrontation and cross-examination of witnesses with personal knowledge of the relevant events. After consulting with Appellant, counsel declined this opportunity. In so doing, counsel effectively withdrew his objection and Appellant cannot now raise the issue on appeal. Hence, no relief is due.[2]

Appellant's second claim asserts that even if counsel waived or withdrew his hearsay objection, Appellant is nonetheless entitled to relief because uncorroborated hearsay cannot support the revocation of a probationary sentence consistent with due process. This position is untenable under the present circumstances. Both evidentiary and constitutional claims are subject to waiver where they are not properly raised or preserved before the trial

_____

[2] We are not inclined to adopt Appellant's view which suggests that the trial court's offer constituted an impermissible effort to shift the Commonwealth's burden onto Appellant and compel him to "locate, subpoena, and present adverse witnesses so he could then exercise his constitutional rights to confront and cross-examine them." Appellant's Brief at 14. Instead, we construe the court's statements as an invitation, albeit an inartful one, to continue the proceedings so as to allow the Commonwealth to call witnesses with personal knowledge of the relevant events who would then be subject to confrontation and cross-examination by trial counsel. Viewed in this manner, we discern no error.

court.  ***State Farm Mut. Auto. Ins. Co. v. Dill***, 108 A.3d 882, 885 (Pa. Super. 2015) ("It is axiomatic that '[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue.'"), *appeal denied*, 116 A.3d 605 (Pa. 2015); ***Commonwealth v. Foreman***, 797 A.2d 1005, 1016 (Pa. Super. 2002) (reviewing challenge to admission of hearsay evidence and holding that "[i]n the absence of an appropriate objection made when the evidence is proffered at trial, the issue is not preserved for appeal and the applicable rule of evidence is waived"); ***Commonwealth v. Chamberlain***, 30 A.3d 381, 405 (Pa. 2011) (defendant waived appellate review of state due process claim that was not directly raised before the trial court); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  Here, Appellant withdrew his hearsay objection before the trial court and never advanced a due process claim during the revocation proceedings.  Since Appellant never raised a due process claim before the revocation court, he cannot, within the context of this appeal, invoke a newly-minted due process theory to resurrect his withdrawn hearsay challenge.  This claim also fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18