J-S27042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JORDAN ALEEM MARTINS :
:
Appellant : No. 1858 EDA 2024

Appeal from the Judgment of Sentence Entered September 5, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007131-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JORDAN MARTINS :
:
Appellant : No. 1859 EDA 2024

Appeal from the Judgment of Sentence Entered September 5, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002941-2022

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 6, 2025**

Appellant, Jordan Aleem Martins, appeals from the September 5, 2023,

judgment of sentence of 17 to 34 years of incarceration entered by the Court

of Common Pleas of Montgomery County, which, sitting as finder of fact,

convicted him of multiple counts of child pornography and sexual offenses

_____

[*] Former Justice specially assigned to the Superior Court.

committed against victims under the age of 18. Appellant challenges the sufficiency of the evidence and contends his Criminal Information was defective. After careful review, we affirm.

The trial court opinion sets forth the relevant facts and procedural history, as follows:

Between 2015 and 2020, Defendant [hereinafter, "Appellant"] targeted multiple females, many of [whom] were underage [and, to his knowledge,] had vulnerabilities which would facilitate his efforts to extract sexual favors from [them] for his own gratification. Appellant encountered these females in school and in the community and knew that many of them had drug or family issues which he was determined to exploit.

In almost every instance, Appellant would initially charm these individuals and smoke marijuana with them in order to establish a rapport. Appellant did not charge the females for the marijuana in these initial encounters, and they later became dependent on receiving marijuana from Appellant. Eventually, Appellant would demand sexual favors from several of the victims in exchange for marijuana. Additionally, Appellant would request many of these individuals to send him nude photographs, sometimes in exchange for marijuana. In several instances, Appellant or one of his associates would film Appellant's sexual encounters with these individuals, sometimes without the victim's knowledge.

When these victims would subsequently refuse to engage in sexual activity with Appellant, he [would threaten] to stop supplying them with marijuana or intimate that he would disclose [their] nude photos and videos of their sexual encounters. Appellant also informed several of the victims that he would enlist other females to fight them in the event they did not comply with his sexual requests. Many of the victims believed these threats, and their fear caused them to continue to engage in sexual activity with Appellant. Further, Appellant victimized two (2) male companions by showing them his penis and subsequently asking them to either touch his penis or perform oral sex.

[In the matter under Montgomery County Criminal Division docket number 7131-2021, Appellant was arrested on September 25, 2021. Following his formal arraignment, a Criminal Information was filed against him on October 27, 2022, an Amended Criminal Information filed on April 3, 2023, and a Second Information filed on April 18, 2023. In the matter under Montgomery County Criminal Division docket number 2941-2022, Appellant was arrested on April 4, 2022. Following his formal arraignment, a Criminal Information was filed against him on August 19, 2022, and an Amended Information was filed on April 3, 2023. On November 30, 2022, the Commonwealth filed a Motion for Consolidation under each docket number, and on December 23, 2022, the trial court filed an Order granting, in part, the motions.]

. . . .

On April 21, 2023, the [trial court] held a bench trial and found Appellant guilty of the charges referenced above. On September 5, 2023, following a hearing, the [trial court] found Appellant to be a sexually violent predator pursuant to 42 Pa.C.S.A. § 9799.58. On the same date, the court imposed an aggregate sentence of two hundred and four (204) to four hundred and eight (408) months of imprisonment (seventeen (17) to thirty-four (34) years and thirteen (13) years of probation to run consecutive to the expiration of parole.[] The court also ordered Appellant to register as a Tier III offender under 42 Pa.C.S.A. § 9799.14 of Subchapter H of the Sex Offender Registration and Notification Act ("SORNA"). Pursuant to 42 Pa. C.S.A. § 9799.15 of SORNA, Appellant's classification as a Tier III offender required him to register as a sex offender for life and to comply with all of the requirements associated with this registration. Appellant did not file any post-sentence motions or a notice of appeal.

On February 16, 2024, Appellant filed a Post-Conviction Relief Act Petition to Reinstate Post-Sentence Motion Rights and Appellate Rights *Nunc Pro Tunc*, which the trial court granted on February 26, 2024. On March 7, 2024, Appellant filed timely post-sentence motions. . . . On May 31, 2024, Appellant filed supplemental post-sentence motions. . . . On July 1, 2024, the trial court denied Appellant's initial and supplemental post-sentence motions.

On July 8, 2024, Appellant filed a timely notice of appeal. On July 9, 2024, the trial court issued an Order directing Appellant to file a concise statement of matters complained of on appeal pursuant

to Pa.R.A.P. 1925(b) . . . within 21 days. On July 25, 2024, Appellant filed Concise Statements.

Trial Court Pa.R.A.P. 1925(a) Opinion, at 1-4.

Appellant briefs the following "Statement of Questions Presented" for this Court's consideration:

1. Was the evidence at trial was [sic] insufficient to convict the Appellant of Counts 81 through 88 charging Possession of Child Pornography regarding Complainant R.L.?

2. Was the evidence at trial insufficient to convict the Appellant of Count 298 charging Rape of Complainant R.L.?

3. Was the evidence at trial insufficient to convict the Appellant of Count 310 charging IDSI where no forcible compulsion was proven regarding victim J.B.?

4. Was the Information and Evidence at trial was [sic.] insufficient to convict the Appellant of Counts 47 and 48 charging indecent exposure?

Brief of Appellant, at 5.

In Appellant's first issue, he maintains the Commonwealth's evidence was insufficient to convict him on the eight counts of child pornography regarding minor victim R.L. because "Detective Davis . . . never identified the number of videos located on the Appellant's cell phones. As a result, 8 counts were not proven at trial." Brief of Appellant at 42. The record belies this claim.

Because a claim challenging the sufficiency of evidence is a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Williams***, 176 A.3d 298, 305-06 (Pa. Super. 2017). Moreover,

> [t]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Lopez***, 57 A.3d 74, 79 (Pa. Super. 2012) (citation omitted).

At Appellant's criminal trial, Detective Michael Davis of the Upper Merion Township Police Department testified that during his investigation into Appellant's Snapchat account a witness expressed concerns that a girl, R.L., may have become involved in Appellant's illicit activities. N.T., 4/26/23, at 5. The detective located 17 year old R.L. at her mother's new address in Bucks County, and upon introducing himself and explaining he was conducting a social media investigation into activities in which R.L. may be involved, mother asked, "Does this concern [Appellant]?" and became upset when the Detective confirmed that it did. N.T. at 6. The detective did not interview R.L. on that day but arranged for a forensic interview between "Mission Kids" and R.L. to take place shortly thereafter. N.T. at 6.

- 5 -

Detective Davis testified that he attended the forensic interview of R.L. and recognized her by both her distinctive voice and her facial features as the young girl depicted on Appellant's sexually explicit Snapchat videos. N.T. at 7. He also correctly identified R.L. as the girl exhibited in Commonwealth Exhibit 4 and provided a full description of her hair and facial features. N.T. at 8- 9.

The detective stated he was confident that R.L. was the girl depicted performing oral sex on Appellant in eight sexually explicit Snapchat "Memories" videos saved on September 27, 2020, and in one picture saved on November 16, 2020. N.T. at 9. He confirmed that R.L. was 17 years old on those dates. N.T. at 9. From there, he shared with the jury his detailed notes describing the content of each video, including the illicit sex act depicted, identifications of both Appellant and R.L., and the common setting of all the videos. N.T. at 9-14.

At the conclusion of the detective's testimony, the eight videos contained in Commonwealth Exhibits C-25A through C-25H and one photograph contained in Commonwealth Exhibit C-24 were admitted into evidence. N.T. at 15. The trial court asked if the defense had any objection to the admission of the exhibits, and defense counsel answered, "no." N.T. at 15.[1] Accordingly, we discern no merit to Appellant's first issue.

_____

[1] Appellant observes that two days earlier at trial, on April 24, 2023, Detective Davis did not identify the number of child pornography videos depicting
*(Footnote Continued Next Page)*

In Appellant's second issue, he raises both a sufficiency of the evidence challenge and a Confrontation Clause challenge to his rape conviction on Count 298. Specifically, Appellant asserts the Commonwealth neither offered evidence that he raped victim R.L. nor confronted Appellant with the testimony of R.L. in open court.

Both the Commonwealth and the trial court observe correctly that the charge of rape under Count 298 concerned not alleged victim R.L. but alleged victim J.B., who testified at Appellant's criminal trial and accused him of raping her when she was a 14-year-old freshman in high school. Our review of the record thus confirms that Appellant's second issue is based on a false premise and is, therefore, meritless.

Even if we were to consider the content of Appellant's second issue as part of his third issue, which challenges the sufficiency of evidence offered to prove the charges of Rape and Involuntary Deviate Sexual Intercourse ("IDSI") under 18 Pa.C.S.A. § 3123(a)(2),[2] pertaining to victim J.B., we would

_____

Appellant's subjugation of R.L. described above, **see** Brief of Appellant at 43 (referencing N.T., 4/24/23, at 56-57). This fact is insignificant to the present issue, as the detective clearly and without defense objection identified and described each of the eight videos in question during his testimony of April 26, 2023.

[2] A person is guilty of rape under Section 3121(a)(1) "when the person engages in sexual intercourse with a complainant ... [b]y forcible compulsion." 18 Pa.C.S.A. § 3121(a)(1). "Sexual intercourse," in addition to its ordinary meaning, includes intercourse per *os* or per *anus*, with some penetration however slight; emission is not required. **Id.** § 3101.

*(Footnote Continued Next Page)*

adopt the trial court's opinion that the issue lacks merit. Specifically, the trial

court opines,

> Instantly, [Appellant's] claim is again belied by the record. An examination of the bills of information for Montgomery County Docket Number 7131-2021 reveals that count 298 involves victim J.B., who did testify at trial. In the event that [Appellant] is perhaps referencing another count involving R.L., the counts in the original and amended bills of information involving R.L. only include ["]sexual abuse of children["] charges. Additionally, in every instance where [Appellant] was charged with rape, the victim who was the subject of each rape charge testified at trial.
>
> To the extent [Appellant] may claim that the evidence presented at trial was insufficient to prove that he was guilty of rape and involuntary deviate sexual intercourse (as charged on Count 310) by forcible compulsion with respect to victim J.B., this claim has no merit. J.B. testified that she met [Appellant] when she was a fourteen (14) year old freshman in high school. (N.T. Trial by Judge – Volume II, 4/25/23, at 59). J.B. and [Appellant] would smoke marijuana together and eventually engaged in a sexual relationship. (N.T. at 64). During the course of this relationship,

---

The Crimes Code defines the crime of IDSI, in relevant part, as follows:

> **(a) Offense defined.**--A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:
>
> (1)    by forcible compulsion ....
>
> (2)    by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution[.]

18 Pa.C.S.A. § 3123(a)(1) and (2). IDSI requires that the defendant have committed "deviate sexual intercourse," which is defined, in relevant part, as "[s]exual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal." 18 Pa.C.S.A. § 3101.

> J.B. sent [Appellant] nude photographs of herself in response to [Appellant's] requests. (N.T. at 66). [Appellant] threatened to disclose these photographs whenever J.B. refused to send him additional nude photographs. (N.T. at 68). [Appellant] also recorded himself and J.B. having sex and threatened to disclose this video. (N.T. at 73).

Trial Court Opinion, 10/10/24, at 8.

Turning squarely to Appellant's third issue, we address his assertion that the Commonwealth failed to prove his conduct towards J.B. amounted to "forcible compulsion" as that term is understood under each statute. We disagree. The statute defines "forcible compulsion" as "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S.A. § 3101. Our jurisprudence advises that a determination of forcible compulsion rests on the totality of the circumstances, including, but not limited to:

> the respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination or custodial control over the victim, and whether the victim was under duress.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 721 (Pa. Super. 2015) (citation and emphasis omitted). Proof of forcible compulsion does not depend on evidence showing the victim resisted the assault. ***Id***. ***See also***

*Commonwealth v. Bent*, 258 A.3d 543 (non-precedential decision)[3] (Pa. Super. 2021) (citing *Gonzalez*).

J.B.'s testimony recounted specific times when Appellant extorted sex from her by threatening to publicize nude photos of her and videos of her engaged in sex acts with him if she refused his demands. N.T., 4/25/23, at 114-16). The notes of testimony reveal the prosecutor questioned J.B. about how Appellant's use of the photographs and videos in this way affected her, and she answered that her fear of their publication compelled her to submit to him. N.T. at 116. She also testified about times when Appellant used physical force or violence, or threats thereof, to overtake her sexually. N.T. at 92-95.

Viewed in a light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to prove the charges of both Rape and IDSI, through specific references to Appellant's use of both forcible compulsion and threats of forcible compulsion as they pertained to victim J.B. Accordingly, we deny relief on these claims.

Appellant's final issue, as stated, purports to raise a claim assailing both the Criminal Information and the sufficiency of the evidence presented at trial as they relate to two charges of indecent exposure. Specifically, the heading to Appellant's issue states, "The Information and evidence at trial was

---

[3] **See** Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

insufficient to convict the Appellant of Counts 47 and 48 charging indecent exposure." Brief of Appellant at 46 (some capitalization omitted). Appellant's argument, however, addresses only a purported defect in the Information, namely, its failure to identify the alleged victims involved in the alleged indecent exposures, and it asks this Court to vacate the two counts.

The Commonwealth responds that Appellant failed to preserve this issue with a pretrial motion challenging the purported defect in the Information. Brief of Appellee at 26 (citing both Pa.R.Crim.P. 578(5) (providing a request to dismiss a criminal information must be made in an omnibus pretrial motion) and **Commonwealth v. Ford**, 141 A.3d 547, 554-556 (Pa. Super. 2016) (failure to file pre-trial motion raising with trial court alleged defects in criminal information results in waiver of claim raised on appeal)). Similarly, the trial court notes in its opinion of October 10, 2024, that Appellant waived this claim when he "failed to lodge any objection [before the trial court] to the absence of identification of the victims relating to counts 47 and 48 in the bills of information. . . ." TCO at 19 (citing Pa.R.A.P. 302(a) (issues not raised in the trial court are waived and cannot be raised for the first time on appeal)).[4]

_____

[4] The trial court opines, in the alternative, that Appellant's claims asserting he was deprived of notice and prejudiced in his ability to raise a defense are meritless. Not only did the bills of information contain all information required under Pa.R.Crim.P. 560, the trial court states, but also the criminal complaint fully apprised Appellant that the alleged victims of the charged counts of indecent exposure were G.B. and F.M. Furthermore, the Commonwealth's court-ordered, final pretrial summary of the counts it intended to prosecute corresponded charges to victim initials, and at the trial court's pre-trial
*(Footnote Continued Next Page)*

We agree Appellant has waived this issue. Under our rules of appellate procedure, issues raised for the first time on appeal are waived. Pa.R.A.P. 302. "[T]o preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue." *State Farm Mut. Auto. Ins. Co. v. Dill*, 108 A.3d 882, 885 (Pa. Super. 2015). *See also Commonwealth v. Serianni*, 284 A.3d 951 (non-precedential decision) (Pa. Super. 2022) (relying on both Pa.R.Crim.P. 578(5), where defendant "failed to challenge any aspect of the information in an omnibus pretrial motion[,]" and Pa.R.A.P 302, where defendant raised issue for first time on appeal, in finding defendant waived appellate challenge to the criminal information). Accordingly, Appellant may not prevail on this claim.

For the foregoing reasons, we conclude the present appeal affords Appellant no relief.

Judgment of sentence Affirmed.

---

conference the trial court reviewed such charges and acknowledged that count 48 indecent exposure pertained to alleged victim G.B. and count 47 indecent exposure pertained to F.M. N.T., Pre-Trial Motions, 4/18/23, at 3.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/6/2025