J-A18010-18

2018 PA Super 325

RUTH WALLACE,                                    :    IN THE SUPERIOR COURT OF
                                                 :            PENNSYLVANIA
                    Appellant                    :
                                                 :
            v.                                   :
                                                 :
STATE FARM MUTUAL AUTOMOBILE                     :
INSURANCE COMPANY,                               :
                                                 :
                    Appellee                     :    No. 2465 EDA 2017

Appeal from the Order Entered June 30, 2017
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September Term, 2008 No. 01840

BEFORE:  STABILE, J., STEVENS, P.J.E.* and STRASSBURGER, J.**

OPINION BY STRASSBURGER, J.:                      Filed: November 30, 2018

Ruth Wallace appeals from the order entered June 30, 2017, wherein the trial court confirmed the arbitration award of January 19, 2015, and entered judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm).  We affirm the trial court's order, but remand for the imposition of attorneys' fees and costs pursuant to Pa.R.A.P. 2744.

The record reveals the following facts.  In 2002, while insured by State Farm, Wallace was injured in an automobile collision with a vehicle driven by an underinsured motorist.  Wallace's State Farm policy contained an arbitration clause (Arbitration Clause).  The Arbitration Clause required the parties to submit disputes over coverage to an arbitration panel composed of an arbitrator appointed by State Farm, an arbitrator appointed by Wallace, and a "competent and impartial third arbitrator" to be selected by mutual

* Former Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

agreement or judicial decision.[1]  January 19, 2015 Arbitration Exhibit SF-5. Specifically, the Arbitration Clause empowered the arbitrators to decide whether Wallace was legally entitled to collect compensatory damages from the owner or driver of an underinsured motor vehicle and the amount of damages.  *Id.*  Per the policy, the Pennsylvania Arbitration Act of 1927 governed the arbitration, and the "written decision of any two arbitrators shall be binding on each party."  *Id.*

In 2008, Wallace filed a petition to appoint a neutral arbitrator and to compel arbitration, averring that State Farm failed to pay all the proceeds to which she was entitled under the policy, and the parties could not agree on a third arbitrator.[2,3]  In support of her claim, Wallace averred that she had already appointed her arbitrator, but she did not name the arbitrator in the petition.  Petition to Appoint Third/Neutral Arbitrator and to Compel Arbitration, 9/12/2008, at ¶ 22.  After State Farm filed an answer to Wallace's petition, the trial court appointed Shawn Ward, Esquire, as the

---

[1] There are references to a second insurance policy in the record.  It is not clear whether only one or both of these policies apply.  Nevertheless, the second policy contains a clause that is identical to the Arbitration Clause, so we shall refer only to the Arbitration Clause in the first policy for ease of reference.

[2] Wallace was represented by Jeffry S. Pearson, Esquire at this time.  At some point prior to 2013, Elliot Tolan, Esquire began representing Wallace in place of Attorney Pearson.

[3] The record does not reveal the reason for the gap in time between 2002 and 2008 or details about Wallace's claim to State Farm.

neutral arbitrator, and ordered an arbitration hearing to occur within 60 days of its February 20, 2009 order. Order, 2/20/2009, at 1.

On July 19, 2013, State Farm filed a petition requesting that the trial court appoint a different neutral arbitrator in place of Ward, averring that Ward had never responded to the parties' correspondence. State Farm contended that an arbitrator was especially needed to decide a dispute between the parties regarding State Farm's motion to obtain medical records, work records, and an examination of Wallace under oath. In its petition, State Farm provided the name of its arbitrator, and averred that Wallace still had not named her arbitrator. Wallace filed an answer, agreeing that Ward should be replaced. Other than stating that her arbitrator was from Philadelphia, she still did not identify her arbitrator. Via an August 26, 2013 order, the trial court removed Ward as the neutral arbitrator, appointed Marc Rickles, Esquire in his place, and ordered that arbitration commence within 90 days of its order. Order, 8/26/2013, at 1.

After continued disputes regarding State Farm's requests, *see* January 19, 2015 Arbitration Exhibits A-3–A-5, A-13, SF-1–SF-2, Arbitrator Rickles eventually scheduled an arbitration hearing for November 24, 2014, and requested that Wallace identify her arbitrator. January 19, 2015 Arbitration Exhibit A-6 (September 22, 2014 letter from Arbitrator Rickles to Attorney Tolan and Joseph Hankins, Esquire, State Farm's counsel). On November 13, 2014, Arbitrator Rickles sent a letter to Attorney Tolan, which again

reiterated the scheduled date for the hearing, as well as stating that Arbitrator Rickles had not heard from Attorney Tolan or any arbitrator appointed by Wallace. January 19, 2015 Arbitration Exhibit A-7. Attorney Tolan replied to Arbitrator Rickles and requested that the hearing be rescheduled due to a scheduling conflict and his intent to withdraw from Wallace's case.[4] January 19, 2015 Arbitration Exhibit A-8. In response, via a November 17, 2014 letter sent to Attorneys Tolan and Hankins, Arbitrator Rickles notified the parties that he was rescheduling the hearing for Monday, January 19, 2015, and provided a deadline for requesting a new date if needed. January 19, 2015 Arbitration Exhibit A-9.

On January 16, 2015, the Friday before the scheduled arbitration hearing, Wallace and Allen Feingold[5] filed *pro se* a lawsuit against Arbitrator

---

[4] Attorney Tolan never withdrew and still represents Wallace on appeal.

[5] The complaint alleges that Feingold "for a substantial period of time represented [Wallace] in these and other matters." January 19, 2015 Arbitration Exhibit A-10 at ¶ 1a. At the time Feingold and Wallace *pro se* filed the complaint, Feingold was disbarred from practicing law in this Commonwealth. Specifically,

> [i]n 2006, [Feingold] was suspended from the practice of law for five years for several acts of misconduct which included: allowing a client to give false testimony, **filing frivolous claims of fraud and civil conspiracy against opposing counsel**, and assaulting a judge who ruled against [Feingold's] client in an arbitration hearing. After [Feingold] failed to notify his clients of this disciplinary action and continued practicing law while suspended, [Feingold] was disbarred by our Supreme Court on August 22, 2008. **See Office of Disciplinary Counsel v.**

*(Footnote Continued Next Page)*

Rickles, State Farm, Attorney Hankins, the law firm of Attorney Hankins, and the attorney and law firm representing the underinsured motorist in Wallace's third party tort action. **See** January 19, 2015 Arbitration Exhibit A-10. The complaint raised claims of bad faith, breach of contract, "negligent misrepresentation," "abuse of process," fraud, and civil conspiracy, all of which purport to be related to the defendants' conduct in Wallace's underinsured motorists' arbitration matter and the third-party tort matter. **See id.**

On Sunday, January 18, 2015, Feingold sent a fax to Arbitrator Rickles and Attorney Hankins. **See** January 19, 2015 Arbitration Exhibit A-11. In the fax, Feingold referenced the newly-filed lawsuit, requested that

*(Footnote Continued)* ────────────

**Feingold**, 93 DB 2003; 92 DB 2005; Nos. 1093 and 1161 Disciplinary Docket No. 3.

**Feingold v. Hendrzak**, 15 A.3d 937, 943 (Pa. Super. 2011) (emphasis added); **see also id.** at 942-43 (reviewing Feingold's pattern of filing vexatious and frivolous litigation against opposing counsel and defendant insurance companies).

We take judicial notice that the law license of Wallace's original attorney in this matter, Attorney Pearson, was suspended for 20 months on June 28, 2011, for his assuming representation of Feingold's former clients after Feingold's suspension, and then assisting Feingold in Feingold's unauthorized practice of law with respect to those clients. **See** Order, 6/28/2011, in the matter of **Office of Disciplinary Counsel v. Pearson**, No. 88 DB 2008; Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania in the matter of **Office of Disciplinary Counsel v. Pearson**, No. 88 DB 2008, January 26, 2011. Finally, we take judicial notice that the Disciplinary Board of the Supreme Court of Pennsylvania publicly reprimanded Wallace's current counsel, Attorney Tolan, for his association with Feingold. **See** Public Reprimand, **Office of Disciplinary Counsel v. Tolan**, No. 200 DB 2015, 4/13/2016.

Arbitrator Rickles withdraw from the arbitration matter, and threatened to join State Farm's arbitrator in the lawsuit as a defendant if he participated in the arbitration matter further. *Id.* He also stated that

> [o]ver the years, [he has] seen third arbitrators allow defense counsel to obtain discovery that they should not have be [*sic*] allowed to receive, but in this case, [Arbitrator] Rickles has crossed far beyond the line of fairness or neutrality and allowed the defense to obtain everything and anything they want providing an unfairness to this mater [*sic*] that violates the law, the case law, and shatters the discovery that is allowed in the State Farm policy to prevent the plaintiff, injured party, claimant from receiving a fair hearing, even before it starts.

*Id.* In closing, Feingold stated that he "lost [his] law license trying to prevent injustice, but now, with no license, [he finds] that in a case where [he has] claims and old clients, [he] can do more to right those wrongs." *Id.*

On the morning of the January 19, 2015 hearing,[6] Wallace, Attorney Tolan, and the arbitrator purportedly appointed by Wallace failed to appear. Arbitrator Rickles attempted to reach out to Attorney Tolan multiple times. *See* N.T., 1/19/2015, at 4-5; January 19, 2015 Arbitration Exhibit A-12. After Arbitrator Rickles received no response, the arbitration hearing proceeded without Wallace, Attorney Tolan, or Wallace's arbitrator.

Arbitrator Rickles and State Farm's arbitrator, William Thomson, Esquire, began by addressing Wallace's newly-filed lawsuit. They both

---

[6] State Farm attached the transcript of and exhibits from the January 19, 2015 arbitration hearing to its Response to Petition to Strike, 3/10/2015, as Exhibit A.

concluded that the lawsuit did not require recusal because each believed he could act impartially. N.T., 1/19/2015, at 41-44. Both declined to consider Feingold's faxed request for recusal because Feingold was neither Wallace's attorney nor a party in the case. *Id.* Thus, not only had Wallace failed to move for recusal, the arbitrators agreed that it was her burden "to produce evidence establishing bias, prejudice[,] or unfairness[,] which raises a substantial doubt as to the … neutral party's ability to preside impartially." *Id.* at 40, 43-44. The two arbitrators then entered an award on January 19, 2015, in favor of State Farm and against Wallace, noting that Wallace, Wallace's attorney, and Wallace's arbitrator had failed to appear.

On February 18, 2015, Wallace, through Attorney Tolan, petitioned the trial court to set aside the arbitration award. Wallace averred that the neutral arbitrator had engaged in "bad faith antics" prior to the arbitration and unbeknownst to her, proceeded with a "sham arbitration hearing," years after the August 26, 2013 order authorizing the arbitration, "with [Wallace's] arbitrator out of the country and half way around the world and without [Wallace] or her counsel, all in spite of … conflicts of interest" based upon the lawsuit filed by Wallace the business day before the scheduled arbitration. Petition to Strike Arbitration Award, 2/18/2015, at ¶ 14.

The trial court initially granted Wallace's request, *see* Trial Court Order, 4/6/2015, at 1, but in response to State Farm's timely-filed motion for reconsideration, the trial court vacated the April 6, 2015 order pending

reargument. Trial Court Order, 4/13/2015, at 1. Following briefing and a rule-to-show-cause hearing on June 30, 2017, the trial court granted State Farm's motion for reconsideration, vacated its April 6, 2015 order granting Wallace's petition to strike the arbitration award, confirmed the January 19, 2015 arbitration award, and entered judgment in favor of State Farm.[7] Trial Court Order, 6/30/2017, at 1. Wallace timely filed a notice of appeal. Both Wallace and the trial court complied with Pa.R.A.P. 1925.

On appeal, Wallace sets forth three arguments in support of her contention that the trial court erred in dismissing her petition to strike the arbitration award. First, she baldly asserts that Arbitrator Rickles improperly allowed State Farm to access Wallace's medical and third-party files, permitted State Farm to engage in "serial, repetitive improper discovery," and banished Wallace's arbitrator from participating in the process. Wallace's Brief at 10. As a result, she claims she was denied due process and a "full and fair hearing." *Id.* Second, Wallace claims that Arbitrators Rickles and Thomson banished her arbitrator from participating in the hearing, panel deliberations, and fashioning of the award, and such banishment constitutes an "irregularity" that requires the trial court to strike the award. *Id.* at 11-13. Third, she argues that the award should be set aside based upon Arbitrator Rickles's failure to recuse himself. *Id.* at 14-15.

---

[7] The trial court attributed this lengthy delay to an erroneous administrative closure of the matter prior to the rule-to-show-cause hearing. Trial Court Opinion, 11/5/2017, at 2.

As discussed on page 2, *supra*, the parties agreed to statutory arbitration pursuant to the Arbitration Act of 1927. In 1980, the legislature repealed and replaced the Arbitration Act of 1927 with the Uniform Arbitration Act, 42 Pa. C. S. §§ 7301–7362. However, parties remain free to agree to proceed according to the 1927 Act. **Nationwide Mut. Ins. Co. v. Heintz**, 804 A.2d 1209 (Pa. Super. 2002). Under these circumstances, the trial court must adhere to 42 Pa.C.S. § 7302(d)(2) in reviewing the arbitration panel's award. **Id.** at 1214. Section 7302(d)(2) provides as follows:

> (2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

42 Pa.C.S. § 7302(d)(2). When the Arbitration Act of 1927 is applicable, we review the affirmance of an arbitration award using the following standard. "This Court may reverse a trial court's decision to affirm … an arbitration award arising from an insurance contract only if the trial court abused its discretion or committed an error of law." **Pantelis v. Erie Ins. Exch.**, 890 A.2d 1063, 1065 (Pa. Super. 2006).

Before we address the merits of Wallace's issues, we must address her failure to comply with our rules of appellate procedure.[8] Wallace's brief does not contain a single citation to the record, in violation of Rules 2117 and 2119. **See** Pa.R.A.P. 2117(a)(4) (requiring a narrative statement of "all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found"); Pa.R.A.P. 2119(c) (requiring the argument in a brief to be accompanied by a reference to the place in the record where the matter referred appears). "We shall not … scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018). Wallace also failed to compile a reproduced record that complies with Pa.R.A.P. 2152–2154. Compliance with the rules regarding the contents of reproduced records on appeal is mandatory, not directory. **Rosselli v. Rosselli,** 750 A.2d 355, 357 (Pa. Super. 2000).

Even after State Farm pointed out Wallace's failure to file a reproduced record or to cite to the record in any fashion, Wallace's response was to file a reply brief with a section entitled "True History, Facts[,] and Improprieties Committed by [State Farm]" with 29 divided paragraphs that still failed to

---

[8] While we refer to Wallace because she is the party, we recognize that in reality, it is Wallace's counsel, Attorney Tolan, who has failed to follow our rules.

comply with our rules of appellate procedure. **See** Wallace's Reply Brief at 1-4.

Wallace's failure to abide by the rules of appellate procedure is all the more egregious given her broad and sweeping accusations of impropriety by Arbitrators Rickles and Thomson. Wallace's counsel, Attorney Tolan, represented to this Court at oral argument that Wallace has had the same arbitrator throughout the case. However, despite Wallace's argument that the other arbitrators banished Wallace's arbitrator from the proceedings, the record contains no indication that Wallace ever named an arbitrator. In fact, the record is replete with documentation of unsuccessful efforts by the neutral arbitrator and State Farm's attorney to ascertain the name of Wallace's arbitrator.[9]

---

[9] **See** Exhibit B to Response to Petition to Appoint Neutral Arbitrator and to Compel Arbitration, 10/31/2008, at 1 (September 20, 2008 letter from State Farm's counsel to Wallace's counsel requesting that Wallace provide the name, address, and phone number of the arbitrator Wallace alleges she has appointed in paragraph 21 of her petition); Exhibit F to Petition to Change Arbitrator, 7/19/2013, at 1 (February 13, 2009 letter from State Farm's counsel to Arbitrator Ward indicating that to its knowledge, Wallace had not appointed an arbitrator); Exhibit H to Petition to Change Arbitrator, 7/19/2013, at 1 (February 20, 2009 letter from State Farm's counsel to Wallace's counsel and Arbitrator Ward requesting that Wallace provide the name of her arbitrator); Exhibit J to Petition to Change Arbitrator, 7/19/2013, at 1 (April 23, 2013 letter from State Farm's counsel to Arbitrator Ward indicating that to its knowledge, Wallace still had not appointed an arbitrator); January 19, 2015 Arbitration Exhibit A-11 (September 22, 2014 letter from Arbitrator Rickles to Attorneys Tolan and Hankins requesting the name of Wallace's arbitrator).

Moreover, on appeal, Wallace repeatedly fails to identify where she objected to the participation of Arbitrator Rickles in the arbitration. **_See_** Wallace's Brief at 14 (claiming that Wallace requested that Arbitrator Rickles withdraw without citation to the record or any description of where the request was made); Wallace's Reply Brief at 8 (same). This violates our rules of appellate procedure. Pa.R.A.P. 2117(c) (requiring a statement regarding where the party preserved an issue in the trial court); 2119(e) (same). Wallace was similarly vague in her motion to strike regarding her alleged objection to the participation of Arbitrator Rickles. **_See_** Motion to Strike, 2/18/2015, at ¶ 13 (claiming that "[Wallace's] counsel requested that the alleged neutral arbitrator not proceed with the arbitration…").

Indeed, the record belies her repeated assertions that she objected to the participation of Arbitrator Rickles. At hearing on the rule to show cause regarding State Farm's motion for reconsideration, Attorney Tolan admitted to the trial court that he did not ask the trial court to appoint a new arbitrator, request a continuance, or appear at the hearing to place an objection on the record that the hearing was unfair. N.T., 6/30/2017, at 9-10. The record reveals that Wallace never moved or objected to Arbitrator Rickles's continued service as an arbitrator. Feingold's fax demanding Arbitrator Rickles's recusal simply does not constitute an objection by Wallace, as Feingold was neither a party to the arbitration nor counsel for Wallace.

Wallace's claim that she objected to Arbitrator Rickles's failure to recuse himself is particularly troubling given the fact that her counsel, Attorney Tolan, also represented the appellant in *State Farm Mutual Auto. Ins. Co. v. Dill*, 108 A.3d 882 (Pa. Super. 2015) (*en banc*). In *Dill*, this Court plainly held that even if an arbitrator "had an independent obligation to [disqualify himself voluntarily], such an obligation does not remove the onus from [the claimant] to object to the composition of the panel." *Id.* at 886. Failure to object to the composition of the panel results in a waiver on appeal of a claim that an arbitrator was biased. *Dill*, 108 A.3d at 886. *Accord Sheehan v. Nationwide Ins. Co.*, 779 A.2d 582, 584–85 (Pa. Super. 2001) ("[U]pon motion the arbitrator is the one to initially determine if a recusal request has merit[; i]t is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the [arbitrator's] ability to preside impartially."). Thus, Attorney Tolan is well aware that Wallace had to lodge an objection in order to preserve her claim.

What is even more shocking is that it is Wallace who attempted to create a basis for recusal in this matter. Not only did Wallace file a lawsuit at the proverbial eleventh hour, she filed such a lawsuit along with Feingold, a disbarred former attorney who lacked standing, and did not plead "a single plausible cause of action that could possibly permit recovery under the law," and made repeated "factually[-]unsupported accusations against [the

d]efendants," which resulted in the complaint being dismissed as frivolous.[10]

***Feingold v. State Farm Mut. Ins. Co.***, 2015 WL 5478217, at \*4 (Pa. Com. Pl. 2015), ***aff'd***, 153 A.3d 1117 (Pa. Super. 2016) (unpublished), ***petition for allowance of appeal denied***, 160 A.3d 760 (Pa. 2016) (*per curiam*).

Based on the foregoing, we hold that Wallace[11] has waived all issues for appeal based both upon her failure to comply with our rules of appellate procedure and her failure to preserve her objection to Arbitrator Rickles's participation in the first instance. Given Wallace's failure to object to the composition of the panel in accordance with ***Dill***, we have no trouble concluding that this appeal "has no basis in law and fact." ***U.S. Claims, Inc. v. Dougherty***, 914 A.2d 874, 878 (Pa. Super. 2006). Accordingly, we are compelled to impose sanctions *sua sponte* upon Attorney Tolan pursuant to Pa.R.A.P. 2744[12] based upon his obdurate and vexatious prosecution of a

---

[10] Attorney Tolan's continued reliance on this lawsuit as the basis for Arbitrator Rickles's recusal is all the more concerning given Attorney Tolan's public reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania for associating with Feingold, as mentioned *supra*.

[11] Like the trial judge who decided ***Feingold***, we question to what extent Wallace is aware of the conduct of Feingold and/or Attorney Tolan. ***See Feingold***, 2015 WL 5478217, at \*3 n.3.

[12] An imposition of costs and fees is permissible under Pa.R.A.P. 2744 when this Court determines "that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. "In determining the propriety of such an award, we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit[; r]ather, it must be found that the appeal has no basis in law or fact." ***Dougherty***, 914 A.2d at 878 (imposing sanctions pursuant to Pa.R.A.P. 2744 based upon *pro se*

*(Footnote Continued Next Page)*

frivolous appeal despite his full knowledge that Wallace never preserved her objection to Arbitrator Rickles's participation. We affirm the trial court's June 30, 2017 order and remand to the trial court to determine an award of appropriate costs and attorneys' fees to be imposed against Attorney Tolan in favor of State Farm.

Order affirmed. Case remanded for calculation and imposition of attorneys' fees and costs occasioned by this appeal. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/30/18

---

(Footnote Continued) ————————

appellant's undeveloped arguments on appeal and "total inability to produce any evidence that fraud or misconduct resulted in the denial of a hearing or caused an inequitable [arbitration] award"). We may award sanctions *sua sponte*. **Feingold**, 15 A.3d at 943 (imposing *sua sponte* counsel fees against Feingold in wholly frivolous appeal of lawsuit filed *pro se* against defendants and opposing counsel for the purpose of harassment).