J-S03009-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: ESTATE OF EDMOND A. CONONGE, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: SUSAN M. CONONGE, ADMINISTRATRIX | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 439 WDA 2019 |

Appeal from the Decree Entered February 27, 2019
In the Court of Common Pleas of Washington County Orphans' Court at
No(s): 63-13-0614

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: FILED APRIL 30, 2020

Susan M. Cononge ("Wife") appeals from the February 27, 2019 amended decree and schedule of distribution for the estate of her husband, Edmond A. Cononge ("Decedent"). Appellee, Anna Cononge ("Daughter") seeks attorney's fees and delay damages. We affirm the orphans' court's decree and deny Daughter's request for fees and damages.

The relevant facts, as set forth by a previous panel of this Court, are as follows:

> On May 3, 2013, Decedent died intestate. At the time of his death, Decedent was married to [Wife], who is not [Daughter's] mother. [Daughter] and [Wife] are Decedent's only heirs.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On November 24, 2014, [Wife][1] filed a First Account, which provided an accounting for the period from May 3, 2013, through October 31, 2014. The First Account noted that during that period [Wife] had paid attorneys' fees on an hourly basis totaling $10,640 but had not paid any administratrix commissions.

The First Account also listed as part of the estate inventory Decedent's 2011 Ford truck with an inventory value of $41,000 and the date-of-death balance on a truck loan as $36,476.00. At the time of his death, Decedent's equity in the truck was $4,524.00. On June 25, 2013, the estate paid the outstanding balance on the truck loan.

On December 23, 2014, [Daughter] filed objections to the First Account, in which she objected to the attorneys' fees of $10,640.00. She also objected to [Wife's] commissions, although none had yet been paid. [Daughter] did not object to the listed inventory value of the truck, the date of death balance on the truck loan, or the pay-off of the truck loan by [the estate].

On April 15, 2015, [Wife] filed the Second Account covering the period from November 1, 2014, through March 31, 2015. The Second Account reflected the payment of an additional $3,410.00 in attorneys' fees, calculated hourly (for a total of $14,050.00), and [Wife's] commissions of $28,380.00. The Second Account also reflected the pay-off of the truck loan by [the estate]. [Daughter] did not file objections to the Second Account.

On April 29, 2015, the orphans' court held a hearing on the objections filed by [Daughter] to the First Account. At the hearing, [Daughter] did not object to the inventory value of Decedent's Ford truck, the date of death balance on the truck loan, or [the estate's] pay-off of the truck loan. Following the hearing, on May 5, 2015, the court entered an order, inter alia, denying [Daughter's] objection to the attorneys' fees, and approving future attorney's fees to the extent allowable under the guidelines.

On September 29, 2015, [Wife] filed the Third Account. On November 18, 2015, [Daughter] filed objections to this

_____

[1] Wife serves as the administratrix of Decedent's estate.

Account, in which she objected to, inter alia, (1) the attorney for [Wife] changing his fee calculation from an hourly rate to a percentage of the estate; and (2) the commission rate charged by [Wife, as administratrix].

Following a hearing, on October 11, 2016, the court entered an Order granting in part and dismissing in part [Daughter's] objections. In the Order, the court approved total attorney's fees of $34,577.00 and total administratrix commissions of $14,833.00, and directed [Wife] to file a decree and schedule of distribution within 10 days. **See** Trial Ct. Order, 10/11/16.

On November 14, 2016, pursuant to the court's October 11, 2016 Order, [Wife] filed a Petition Sur Audit Intestacy, a Supplemental Petition Sur Audit Intestacy, and a Schedule of Distribution. In the Supplemental Petition, [Wife] requested that the court award her Decedent's Ford truck "in-kind." [Wife] represented that she would pay [Daughter] $2,262.00 for her one-half interest in the $4,524.00 equity held in the truck by Decedent at the time of his death.

That same day, the court signed and entered on the docket the Adjudication and Decree. [Daughter] timely appealed on December 9, 2016 ["first appeal"].

In re: Estate of Edmond A. Cononge, 179 A.3d 599 (Table) (unpublished memorandum) (October 12, 2017).

This Court, in a memorandum decision dated October 12, 2017, remanded the case and directed the orphans' court to determine the proper value of the truck for distribution purposes but affirmed the orphans' court's November 14, 2016 decree in all other respects. See id. Our Court specifically held:

[Daughter] was unaware of [Wife's] intent to take the truck as an in-kind distribution prior to entry of the court's November 14, 2016 final Order. Accordingly, the first opportunity she had to challenge this proposed distribution was by way of her December 9, 2016 Notice of Appeal. In her Rule 1925(b) statement, [Daughter] notified the

- 3 -

orphans' court of the basis for her objection, thus providing the court with the opportunity to explain its ruling. We, therefore, conclude that [Daughter] preserved this issue for appeal.

However, because the orphans' court did not address the merits of the issue raised by [Daughter], and noted only that it "may have merit," we are constrained to remand this matter for the court to make findings of fact and conclusions of law regarding the proper value of the truck for purposes of distribution and how it is to be distributed as an asset of the estate.

Id. at 10.

After the parties had an opportunity to file further pleadings and a hearing was conducted, the orphans' court issued the October 9, 2018 order, which, inter alia, established a schedule of distribution with the truck valued at $41,000, but included the date of death loan balance, which had already been satisfied with estate funds, as being split between the parties. After Daughter filed a motion for reconsideration, the orphans' court ultimately issued the February 27, 2019 amended decree and schedule of distribution here at issue. In the instant decree, the orphans' court recognized that the truck's outstanding loan balance had already been paid using estate funds and therefore would not be deducted again from the balance remaining for distribution to the respective parties.

Wife filed a timely appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The orphans' court filed a responsive Pa.R.A.P. 1925(a) opinion. Wife raises the following issue on appeal:

1. Whether the orphans' court erred as a matter of law in failing to address in the Rule 1925(a) opinion issues 5, 6,

> 7 and 8 that were raised in [Wife's] Rule 1925(b) statement and whether this matter must be remanded to the orphans' court with instructions to find that the distribution value of the truck is $4,524.00 and the value of [Daughter's] interest is $2,262.00.

Wife's Br. at 4.

In her lone issue for review, Wife's arguments all center around the underlying contention that Daughter waived her claim regarding the truck's value for purposes of estate distribution. To this end, Wife maintains that in the first appeal, this Court did not have the benefit of a complete record, which would have established that Daughter had had the opportunity to object to the truck's valuation prior to the first appeal but did not. In furtherance of this argument, Wife baldly asserts that the orphans' court's valuation of the truck should have been barred by the doctrine of laches. At the core of Wife's claim is her contention that the orphans' court should have valued the truck at $4,524 (the equity amount in the truck prior to the payoff of the loan against the truck, made with estate funds, in the amount of $36,476.00) rather than at $41,000 (the appraised value of the truck). Wife does not argue that the orphans' court's actual monetary calculations were incorrect.

When we review an orphans' court decree we employ a deferential standard of review and "must determine whether the record is free from legal error and the court's factual findings are supported by the evidence." In re Fiedler, 132 A.3d 1010, 1018 (Pa.Super. 2016) (en banc) (citation omitted). Further, because the orphans' court sits as the fact-finder, we will not reverse credibility determinations absent an abuse of discretion. Id. "However, we are

not constrained to give the same deference to any resulting legal conclusions." Id. (citation omitted).

Further, because the current procedural posture of this case is a challenge to the orphans' court's decision upon a remand with directives from this Court, we particularly note that the orphans' court is required to "strictly comply with the mandate of the appellate court." Carmen Enters., Inc. v. Murpenter, LLC, 185 A.3d 380, 389 (Pa.Super. 2018) (citation omitted). Thus, "[i]ssues not included in the mandate cannot be considered by the trial court." Id. (emphasis in original). In addition, the law of the case doctrine requires that "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court." True R.R. Assocs., L.P. v. Ames True Temper, Inc., 152 A.3d 324, 337 (Pa.Super. 2016) (citation omitted).

In the case sub judice, this Court, in the first appeal, concluded that the issue of the valuation of the truck was not waived. Therefore, Wife's arguments to the contrary are precluded by the law of the case doctrine because the issue of wavier of the valuation issue was specifically addressed by this Court. See True R.R., 152 A.3d at 336-37. Moreover, this Court specifically directed the orphans' court to consider the issue of the truck's valuation and the court considered that issue and properly did not review any other claim outside that mandate. See Carmen Enters., 185 A.3d at 389. Indeed, the orphans' court aptly concluded:

The orphans' court submits that, after careful consideration of the record, the appropriate outcome was to award [Daughter] half the fair market value of the truck, without deduction for the loan balance which had been paid prior to distribution. In this case, the Decedent died intestate. As the Decedent's surviving spouse, [Wife] is entitled to one half of the intestate estate, and [Daughter], as his surviving issue, who is not the issue of the surviving spouse, is entitled to the remaining one half of the intestate estate. See 20 Pa.C.S.A. 2101 and 2102. It is clear that estate funds were used to pay off the truck loan remaining at date of death, in the amount of $36,476. These estate funds would have otherwise been available for distribution to both heirs. The parties agreed that [Wife] would receive the truck in kind, which the parties agreed had a value of $41,000. [Daughter] was then entitled to receive an amount equal to half of the value of the truck, or $20,500.

Orphans' Court Rule 1925(a) opinion at 10.

We agree with the orphans' court's analysis and conclude that the court did not err by determining that the truck's value at the time of distribution was $41,000. Thus, Wife's sole issue on appeal does not warrant relief.

Lastly, Daughter requests that we award counsel fees and delay damages associated with this appeal. We may award counsel fees upon a determination "that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744.[2] "In determining the propriety of such

_____

[2] Rule 2744 states:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

an award, we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit; rather, it must be found that the appeal has no basis in law or fact." Wallace v. State Farm Mut. Auto. Ins. Co., 199 A.3d 1249, 1257 n.12 (Pa.Super. 2018) (citation and brackets omitted). In the instant case, while we hold that Wife's appellate issue is meritless, we decline to conclude her appeal "has no basis in fact or law." See id. Therefore, we deny Daughter's request for counsel fees and damages.

Decree affirmed. Request for counsel fees and damages denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2020

---

(2)   damages for delay at the rate of 6% per annum in addition to legal interest,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744.