**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: SHIRLEY WEINBERG REVOCABLE TRUST DATED JANUARY 27, 2011 | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LISA A. ANTIN, BENJAMIN ANTIN, AND JASON ANTIN | : : : | No. 940 WDA 2022 |

Appeal from the Order Entered August 4, 2022
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s):  02-19-5237

BEFORE:  BOWES, J., OLSON, J., and KING, J.

CONCURRING MEMORANDUM BY BOWES, J.: **FILED: November 2, 2023**

I agree with the learned majority that this appeal should be quashed because the authority supporting an immediate appeal from the denial of disqualification of counsel does not apply.  Since Appellees' counsel did not previously represent any of Appellants, there is plainly nothing indicating that Appellants have an important right too important to be denied immediate review or that the claim will be lost if review is delayed.   I write separately to note my concern about the conduct of Appellants' counsel, Jones, Gregg, Creehan, & Grace, LLP (hereafter "Jones Gregg") revealed by our jurisdictional assessment.

As the majority aptly observes, all the cases Jones Gregg cited in support of the disqualification motion and this appeal involved instances of prior representation by counsel of parties that ultimately ended up on the other side of the case.  Such is not the situation here.  ***See*** Majority

Memorandum at 7-8. Jones Gregg proffered no authority that even suggested that a disqualification claim has merit outside the situation where the attorney previously represented the opposing party to the matter at hand, or for the novel proposition that Appellants were in a position to assert such a claim on behalf of Appellees. Moreover, Appellees all gave informed consent to the joint representation after their attorney concluded that the representation was not prohibited by law, that the clients had no claims against each other, and that he could provide competent and diligent representation to each of the clients.[1] **See** Majority Memorandum at 2 n.2; Response to Motion to Disqualify, 10/21/22, at Exhibit B.

Rules of Professional Conduct mandate that attorneys not proceed in the face of frivolous claims. **See** Pa.R.P.C. 3.1. Not only does the pursuit of frivolous issues violate the rules that govern the legal profession, but it also exposes counsel and their clients to a potential claim for attorney's fees. **See** **Lundy v. Manchel**, 865 A.2d 850, 857 (Pa.Super. 2004) ("Because we conclude that Lundy's current appeal lacks any basis in law or in fact, counsel fees shall be assessed by the lower court under [Pa.R.A.P.] 2744.").

_____

[1] Since Jones Gregg represents all Appellants, namely the settlor's daughter Lisa Antin, and her two sons who were scriveners of trust documents, Jones Gregg's choice to pursue the claim that there is a disqualifying conflict for one attorney to represent the settlor's son and his four sons is at least ironic, if not "rife with . . . hypocrisy" as the Weinberg grandsons assert. **See** Grandsons' brief at 5.

- 2 -

Here, Jones Gregg asserted and appealed a disqualification claim that had no basis in law or fact. That is the very definition of frivolousness. ***See***, ***e.g.***, ***Wallace v. State Farm Mut. Auto. Ins. Co.***, 199 A.3d 1249, 1257 n.12 (Pa.Super. 2018) ("[A]n appeal is not frivolous simply because it lacks merit; rather, it must be found that the appeal has no basis in law or fact." (cleaned up)). In my view, this case teeters dangerously close to the line beyond which lies the potential for disciplinary action. I caution counsel to make wiser decisions as this case progresses in the trial court and the seemingly inevitable future appeals.