J-A10027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HILDA CID | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE GROUP A/K/A ERIE | : | No. 1941 EDA 2023 |
| INSURANCE EXCHANGE A/K/A ERIE | : | |
| INSURANCE COMPANY | : | |

Appeal from the Order Entered February 6, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  1874 June Term 2015

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED JULY 23, 2024**

Hilda Cid ("Cid") appeals from the order entered by the Philadelphia County Court of Common Pleas ("trial court"), granting the fourth motion for summary judgment filed by Cid's former insurer Erie Insurance Group a/k/a Erie Insurance Exchange a/k/a Erie Insurance Company ("Erie") and dismissing Cid's claim against Erie for insurance bad faith.[1]  This is the sole remaining claim from her 2015 civil action arising out of two car accidents that occurred almost twenty years ago.  The trial court entered summary judgment

_____

[1] **See** 42 Pa.C.S. § 8371 (providing that, in "an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may" award interest on the amount of the claim, award punitive damages against the insurer, and assess court costs and attorneys' fees against the insurer).

pursuant to Pa.Civ.P. 1035.3(d), finding that Cid's deficient responses to Erie's motion were akin to filing no response at all. Cid's brief on appeal is similarly deficient and noncompliant with multiple rules of appellate procedure. Because Cid waived any appellate issue by not preserving it below and by the deficiencies in her brief, we affirm the order entering summary judgment. We also grant Erie's request to impose sanctions pursuant to Pa.R.A.P. 2744 against Cid's counsel, Attorney Elliott Tolan, based upon his obdurate and vexatious conduct in his frivolous filings.

The trial court summarized the protracted history of this decade-long litigation:

> In 2015, Cid filed suit against Erie, her automobile insurer. Cid's claims arose from two motor vehicle accidents that had taken place in March of 2005 and March of 2006. In her complaint, filed on June 15, 2015, Cid asserted that Erie had mishandled these claims and had improperly limited Cid's recoveries. The complaint included claims for breach of contract, abuse of process, fraud, bad faith, and civil conspiracy.
>
> Years of complex litigation followed, with severance of Cid's claims relating to the two separate accidents, proceedings in Philadelphia and Montgomery Counties, and multiple appeals.[2]

---

[2] **See Cid v. Erie Ins. Grp.**, 3041 EDA 2015, 2016 WL 6125669 (Pa. Super. filed Oct. 20, 2016) (non-precedential decision) (reversing order that transferred case to Montgomery County); **Cid v. Erie Ins. Grp.**, 853 EDA 2018, 2018 WL 6176656 (Pa. Super. filed Nov. 27, 2018) (non-precedential decision) (affirming dismissal of Cid's insurance-related claims arising from the 2005 and 2006 accidents based upon Cid's failure to file a court-ordered concise statement of errors complained of on appeal); **Cid v. Erie Ins. Exch.**, 484 EDA 2021, 2021 WL 6013923 (Pa. Super. filed Dec. 16, 2021) (non-precedential decision) (affirming Montogomery County Court of Common Pleas' denial of Cid's motion to strike or set aside arbitration award in favor of
*(Footnote Continued Next Page)*

The [trial court] severed the claims relating to the March 2006 accident from the claims in this case, and eventually dismissed the March 2006 claims. On October 16, 2017, [the trial court] dismissed the abuse of process, fraud, and civil conspiracy claims from this case. [The trial court] stayed the bad faith claim "pending the outcome of the breach of contract claims." [Trial Court Order, 10/17/2017, at 2]. By stipulation docketed on November 22, 2019, Cid agreed to withdraw the breach of contract claim and arbitrate it in Montgomery County. The arbitrators found in Erie's favor, and their finding was affirmed on appeal. *Cid*[, 2021 WL 6013923]

With all appeals resolved[,] the only claim remaining in [the trial court] was Cid's bad faith claim, which was based on Cid's allegations that Erie had refused to pay Cid what she was owed under her underinsured and uninsured motorist coverage. [After the trial court issued a notice of docket inactivity,] Cid filed a statement of intent to proceed with the bad faith claim on January 6, 2023. [The trial court restored the case to active status and entered a scheduling order in March 2023, placing the case in the May 2023 trial pool.]

Erie filed the motion [for summary judgment] on April 4, 2023. In the motion, it argued that because the arbitrators had found that Erie did not owe Cid benefits beyond what she had already received, Cid could not meet her burden of showing by "clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017).

Cid filed an "answer" to the motion on May 5, 2023, an "additional answer" on May 12, 2023, and a reply to Erie's reply on May 22, 2023. None of these "responses" engaged with Erie's arguments [in the motion for summary judgment]. Despite the fact that Cid is represented by [Attorney Tolan], who presumably understands summary judgment procedures, Cid did not include numbered responses to [Erie's] numbered paragraphs; [in fact,] she did not address Erie's points at all. Instead, the filings

_____

Erie regarding Cid's breach of contract claims based upon Cid's 2005 accident).

consisted mainly of rambling narratives about Cid's unhappiness with Erie's conduct. ***See, e.g***[***.,***] Answer[, 5/5/2023, at 5 (pagination supplied)] ("Every Roman Numeral will include an impropriety committed by the Defendant, Erie ... We will also attach documents/exhibits, but in some matters there are so many, that it will be impossible or impractical to do so."). These were interspersed with various pieces of correspondence, discovery requests, transcripts, medical bills, and other materials. The documents included no briefing and no coherent discussion of [Erie's] legal or factual arguments. They did not appear to make any relevant points (other than that Cid was unhappy with Erie) or have any organizing principle.

[The trial court] granted the [motion for summary judgment] on June 28, 2023. Cid filed a notice of appeal on July 7, 2023. [The trial court] did not order [Cid to file a Pa.R.A.P.] 1925(b) statement.

Trial Court Opinion, 9/12/2023, at 1-3 (some capitalization altered; names substituted for party designation; footnote and some internal citations omitted).

Cid[3] presents one issue for review: "Whether the trial court erred in entering [s]ummary [j]udgment in favor of [Erie], in all of its varied names[,] and dismissing [Cid's] claims, with prejudice." Cid's Brief at 5.

_____

[3] There is a procedural irregularity that neither the trial court nor either party addresses. Allen Feingold, a former Pennsylvania attorney who was disbarred in 2009, filed a document purporting to enter his appearance with this Court as a pro se appellee. As best as we can tell from the voluminous certified record from the trial court, on March 28, 2019, Feingold filed a praecipe for substitution of party pursuant to Pa.R.Civ.P. 2352, seeking to substitute himself as assignee for Cid instead of Cid as a plaintiff. He attached a one-page document entitled "Agreement, Contract and Assignment" dated October 8, 2018 and allegedly signed by Feingold and Cid. The document purported to assign to Feingold "one hundred (100%) pecent [sic]" of Cid's claims arising out of her 2005 and 2006 accidents for "bad faith, breach of contract,

*(Footnote Continued Next Page)*

- 4 -

damages, losses, property damage, and other losses and improprieties" against "the lawyers, law firms, defense doctors, defendants and their insurance companies, as well as Erie and their various reincarnations, subsidiaries and relate companies, or any other person or entity that caused [Cid's] loss, harm, and/or delayed [Cid's] claims." **See** Praecipe for Substitution of Party, 3/28/2019, at Exhibit 1 (unnecessary capitalization omitted).  The document asserts that Cid is assigning her claims to Feingold in order "to compensate and repay [Feingold] for all of the work, representations, time, expenses and costs that he performed and advanced or paid for, as well as work and expenditures on these accidents and collisions in which [Cid] was involved in on or about May, 2005 [sic] and March 2006, as well as numerous other matters and undertakings, and claims on [Cid's] behalf." **Id.**  Rule 2352 provides that a "successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based." Pa.R.Civ.P. 2352.  It does not appear that any party challenged this substitution of party, but both Cid and Feingold continued to participate in this action, and Cid alone filed the notice of appeal. This begs the question of whether Cid even had standing to continue to participate, as an "assignee stands in the shoes of the assignor." **U.S. Bank Tr. Nat'l Ass'n as Tr. of Lodge Series III Tr. v. Unknown Heirs Under Brolley**, 278 A.3d 310, 320 (Pa. Super. 2022).  Nevertheless, this Court cannot raise standing concerns sua sponte. **Id.** at 315 n.2.

While, in general, bad faith claims brought under 42 Pa.C.S. § 8371 "may be assigned by an insured to an injured plaintiff and judgment creditor," **Allstate Property and Cas. Ins. Co. v. Wolfe**, 105 A.3d 1181, 1188 (Pa. 2014), this purported assignment is troubling because of Feingold's disbarment.  In 2006, Feingold was suspended, in part, for filing frivolous claims of fraud and civil conspiracy against opposing counsel. **See id.**  He was ultimately disbarred in 2008 for continuing to practice law while suspended. **See id.**  Feingold's disbarment apparently has not fazed him, as he continues to use the same tactics, presenting himself instead as a pro se plaintiff. **See id.** (citing **Feingold v. Hendrzak**, 15 A.3d 937, 943 (Pa. Super. 2011) (noting Feingold's pattern of vexatious and frivolous litigation against opposing counsel and defendant insurance companies)).  In 2019, Feingold, using the same assignment as the one in this case, filed a civil action against Erie, its counsel, its expert witnesses used in other cases, and a company who manages independent medical examinations and evaluations, alleging "breach of contract, negligent misrepresentation, abuse of process, fraud, defamation, infliction of emotional distress, bad faith, and multiple unnamed claims" on Cid's behalf and/or to recover costs expended by Feingold during earlier legal
*(Footnote Continued Next Page)*

We review an order granting summary judgment to determine whether the trial court abused its discretion or committed an error of law.  ***Criswell v. Atl. Richfield Co.***, 115 A.3d 906, 908 (Pa. Super. 2015).

The non-moving party bears a clear duty to respond to a motion for summary judgment in the trial court.  ***Harber Philadelphia Ctr. City Off. Ltd. v. LPCI Ltd. P'ship***, 764 A.2d 1100, 1104 (Pa. Super. 2000).  To survive summary judgment, the non-moving party must respond by identifying issues of fact in the record or evidence in the record essential to the cause of action.  ***See*** Pa.R.Civ.P. 1035.3(a).  Alternatively, the non-moving party "may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence."  Pa.R.Civ.P. 1035.3(b).  Summary judgment may be entered against a party who does not respond.  Pa.R.Civ.P. 1035.3(d).

_____

representation of Cid.  ***See Feingold v. McCormick & Priore PC***, 3273 EDA 2019, 2020 WL 4728111 (Pa. Super. filed Aug. 14, 2020) (non-precedential decision).  Feingold appealed from an order granting defendants' preliminary objections.  This Court ruled that the trial court in Montgomery County did not abuse its discretion by finding that Feingold lacked standing to sue based upon the assignment, which it found to be invalid.  The trial court agreed with various federal courts that a former client could not assign an unliquidated tort claim to a disbarred attorney to pursue the claim on his own behalf in satisfaction of a prior contingent fee arrangement.  ***Id.***  However, the propriety of this purported assignment or Feingold's participant status is not squarely before us.

- 6 -

Here, the trial court ruled that Cid's "responses" were so deficient in procedure and substance that the responses were akin to filing no response at all pursuant to Rule 1035.3(d). **Accord Am. S. Ins. Co. v. Halbert**, 203 A.3d 223, 227 (Pa. Super. 2019) (holding that deficient summary judgment response merely reiterating the denial repeatedly set forth in answer warranted entry of summary judgment pursuant to Rule 1035.3(d)). Our review of Cid's "responses" confirms that the trial court did not err in this conclusion. **See Criswell**, 115 A.3d at 908. Cid's deficient response to Erie's summary judgment motion has foreclosed her opportunity to present any substantive legal grounds for relief on appeal. **See Harber**, 764 A.2d at 1105 (holding that a party waives any grounds for relief on appeal that the party did not present in response to the opposing party's motion for summary judgment).

Cid makes little attempt, however, to present a substantive argument on appeal, choosing instead to file a brief with this Court that doubles down on the procedurally and substantively deficient responses that she presented to the trial court to oppose Erie's motion for summary judgment. The rules of appellate procedure "set forth the fundamental requirements every appellate brief must meet." **Commonwealth v. Briggs**, 12 A.3d 291, 343 (Pa. 2011). As our Supreme Court has explained, the

> briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate

review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

*Id.*

Cid's brief, filed by Attorney Tolan, is woefully noncompliant with the Pennsylvania Rules of Appellate Procedure. The trial court did not order the filing of a concise statement, but Cid makes no mention of this. *See* Pa.R.A.P. 2111(d) (directive to aver in brief that trial court did not order the filing of a concise statement of errors complained of on appeal). The brief inexplicably ceases pagination after page fourteen. *See* Pa.R.A.P. 2173 (requiring pagination). The font size and line spacing change throughout and does not conform to Pa.R.A.P. 123(a). The brief does not contain either certificate of compliance required by Pa.R.A.P. 2111(a)(12).

In lieu of the required table of citations, *see* Pa.R.A.P. 2174(b), Attorney Tolan instead references two cases and Pa.R.Civ.P. 1035.2 on a page with a six-paragraph rant about the injustices Attorney Tolan perceived about the case. This "table of citations" foreshadows the remainder of the brief. The three citations included on the "table of citations" are the only references to legal authority that appear throughout the entire brief, contravening the requirement of Pa.R.A.P. 2119(a) to cite and discuss authorities in support of the appellant's argument. *Cf.* Cid's Brief at 14 (asserting baldly that Erie engaged in behavior that violates "the Law, Rules Regarding Discovery, and The Case Law"). Tellingly, instead of a "closely condensed chronological statement … of all the facts which are necessary to be known in order to

determine the points in controversy," that presents a "balanced presentations of the history of the proceedings and the respective contentions of the parties" without argument, *see* Pa.R.A.P. 2117(a)(4), (b), the statement of the case is a word-for-word duplicate of the first page of the summary of the argument. Neither the statement of the case nor the argument contains a single citation to the record in violation of Rules 2117 and 2119. **See** Pa.R.A.P. 2117(a)(4), 2119(c). Instead, Attorney Tolan lists forty-two exhibits with little context beyond Attorney Tolan's diatribe and without indicating whether they are part of the certified record. **Cf.** Pa.R.A.P. 2132(b) (providing the method for citing to the certified record). Cid is proceeding in forma pauperis, which relieves her of the duty to file a reproduced record. **See** Pa.R.A.P. 2151(b). But that exemption does not authorize the filing of a purported "Appendix," as Attorney Tolan did here, containing snippets from a scattering of documents scrawled with handwritten notations. **See** Pa.R.A.P. 2117(c) (permitting parties to present a separate appendix including "portions of the record relied upon" to demonstrate where the party preserved an issue for appeal before the trial court).

Cid's brief fares no better in terms of substance. Instead of fashioning a legal brief to address the trial court's alleged error in granting summary judgment regarding Cid's statutory bad faith claim, the document Attorney Tolan filed with this court is part personal attack upon Erie's defense counsel and part hyperbolic tirade about the conduct of Erie and the various trial judges involved in this decade-long litigation saga. **See, e.g.,** Cid's Brief at

21 (numbering supplied) ("It was at this point that the most horrendous period of time, in Discovery, ever in the legal history of Pennsylvania occurred. See below.[sic]!!!!!!!!!!!!!!!!!!"); *id.* at 24 ("That Notice of Trial must have lit a fire under defense Counsel, as well as his Bank Account, because his eyes must have lit up, when he realized that the two or three hour UIM Arbitration that he was going to Defend in Montgomery County, when prior Defense Counsel was Elevated to the Bench and he was called in to substitute, would now turn into a New Mercedes Benz or two."); *id.* at 29 (Referring to an arbitration exhibit that Erie provided to the arbitration panel in the Montgomery County arbitration of the 2005 breach of contract claims as "perhaps the final and ultimate proof of the continued Bad Faith of the Defendant, Erie and one of over a Dozen Reasons why The Erie Fourth Motion for Summary Judgment should have been denied and if Plaintiff was allowed to receive Answers to its Interrogatories, Requests to Produce, and even the basic and usual depositions, there would have been about twenty (20) more reasons as to why that Fourth Motion for Summary Judgment should have been Denied.") Cid's reply brief—an apparent duplicate of a previously filed response to a motion in the trial court—continues in a similar vein. The vast majority of Cid's argument complains about Erie's actions in the long-final Montogomery County litigation and discovery-related disputes that occurred in earlier phases of the case, some of which ended in sanctions against Cid in relation to claims that have long been dismissed. Thus, in addition to Cid's failure to preserve any substantive argument below, Cid has waived her issue for appeal

by filing a brief that so vastly departs from what is required by the Rules of Appellate Procedure. **See** Pa.R.A.P. 2101 (authorizing this Court to suppress brief or dismiss appeal based upon substantial defects in briefing); **see also Wallace v. State Farm Mut. Auto. Ins. Co.**, 199 A.3d 1249, 1257 (Pa. Super. 2018) (finding that Wallace waived claims for appellate review, in part, based upon deficient brief filed by Attorney Tolan).

In its responsive brief, Erie asks this Court to award attorneys' fees to Erie as a sanction for the frivolous, vexatious, and repetitive filings and to deter Cid's counsel from engaging in such behavior in the future. **See** Erie's Brief at 38-39. Rule 2744 authorizes this Court to impose "a reasonable counsel fee" and "damages for delay at the rate of 6% per annum in addition to legal interest" if this Court "determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. "In determining the propriety of such an award, we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit; rather, it must be found that the appeal has no basis in law or fact." **Wallace**, 199 A.3d at 1257.

Because the trial court deemed Attorney Tolan's "responses" to Erie's motion for summary judgment to be so lacking that they were akin to no response at all, for Attorney Tolan to file an appeal and brief the matter in a similar fashion demonstrates the obdurate and vexatious nature of Attorney Tolan's conduct and that the appeal itself has no basis in law or fact. Given

the egregious and repetitive nature of Attorney Tolan's conduct, we agree with Erie that sanctions are appropriate in this case.

For the foregoing reasons, we affirm the trial court's order and remand the matter to the trial court to determine the appropriate costs and attorneys' fees to be imposed against Attorney Tolan in favor of Erie. *See* Pa.R.A.P. 2744; *Wallace*, 199 A.3d at 1257-58.

Order affirmed. Case remanded for calculation and imposition of attorneys' fees and costs incurred by Erie associated with this appeal. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/23/2024